IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHANON S. RILEY,**

        **Plaintiff,**

**v.**                                                                  **Case 1:25-cv-00044-KWR-KK**

**HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,**

        **Defendant.**

## DEFENDANT'S PARTIAL MOTION TO DISMISS WITHOUT PREJUDICE AND STAY PENDING THE ADMINSTRATIVE PROCEEDINGS

        Defendant Heather Jordan, in her individual and official capacities, respectfully submits her Partial Motion to Dismiss Without Prejudice and Stay Pending the Administrative Proceedings.

### Introduction

        As set forth in plaintiff's *Complaint* (Doc. 1, filed 1/14/2025) ("Complaint"), plaintiff served as a Workers' Compensation Judge until she was terminated from her employment after she claimed voting leave to vote in the November 5, 2024 election, but did not vote. *See* Complaint, attached hereto as **Exhibit A**. Rather than correct this error, plaintiff instead certified that her use of voting leave was true and accurate, until such time as it was discovered by Defendant. Plaintiff's employment was terminated as a result of this violation of the Code of Judicial Conduct on November 13, 2024. Plaintiff subsequently filed the instant suit claiming that, pursuant to NMSA 1978, § 52-5-2(C) (2004), and the New Mexico Administrative Code, 1.7.12.25, she was due additional process before her termination. *See* Doc. 1, generally.

        On February 4, 2025, the Workers' Compensation Administration ("WCA") submitted a complaint to the State Personnel Board, in accordance with Section 52-5-2(C) and New Mexico

Administrative Code, 1.7.12.25.  *See Complaint Pursuant to NMSA 1978, 52-5-2(C) RE: Shanon Riley*, attached hereto as **Exhibit A**. Plaintiff has been reinstated to her former position as a Workers' Compensation Judge and placed on paid administrative leave pending the outcome of the State Personnel Board proceedings. *See Letter of* Reinstatement, attached hereto as **Exhibit B.** As set forth in Defendant's *Response to Plaintiff's Motion for Preliminary Injunction*, filed contemporaneously and incorporated herein by reference, WCA's actions have rendered plaintiff's request for injunctive relief moot.  In addition, the Court should apply the *Younger* abstention doctrine because the ongoing State Personnel Board process provides a full and adequate remedy to plaintiff.  Accordingly, Defendant requests that the Court dismiss Counts III and IV without prejudice and stay proceedings on the remaining claims for damages until such time as the State Personnel Board proceedings are concluded.

## Argument & Authorities

### A.  Standard of review

Motions to dismiss on the basis of *Younger* abstention or mootness are properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Peters v. United States*, 2024 WL 3086003, at *1 n.1 (10th Cir. June 21, 2024) (unpublished); *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. Of Kan.*, 491 F.3d 1143, 1146-47 (10th Cir. 2007); *see also Balderama v. Bulman*, 2023 WL 1433140, at *8 (D.N.M. Feb. 1, 2023) ("Because *Younger* is a jurisdictional bar in the Tenth Circuit, a district court should look at motions to dismiss under *Younger* in light of the standard prescribed for a motion to dismiss for lack of subject matter jurisdiction." (citing *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003)), *report and recommendation adopted, Balderama v. Bulman*, 2023 WL 2728148 (D.N.M. Mar. 31, 2023), *aff'd, Balderama v. Bulman*, 2024 WL 158756 (10th Cir. Jan. 16, 2024).

Generally, a motion to dismiss under Rule 12(b)(1) takes one of two forms: a facial attack or a factual attack. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). When the attack is factual, like here, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003 (citations omitted). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.* As the Honorable Judge Browning has explained:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Hernandez v. Lujan Grisham*, 499 F. Supp. 3d 1013, 1043-44 (D.N.M. 2020) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

### B. Under the *Younger* abstention doctrine, this Court should dismiss Plaintiff's claims for injunctive and declaratory relief

Under the *Younger* abstention doctrine, "federal courts should not interfere with state court proceedings' by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when the state forum provides an adequate avenue for relief." *ETP Rio Rancho Park, LLC v. Lujan Grisham*, 522 F. Supp. 3d 966, 1007 (D.N.M. 2021); *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). A federal court must abstain when: (1) there is an ongoing state administrative proceeding; (2) the state provides an adequate forum to hear the claims; and (3) the proceeding involves important state interests. See *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989).

All three conditions are met here. First, plaintiff's disciplinary proceeding has been submitted to the New Mexico State Personnel Board, which is reviewing the matter pursuant to NMSA 1978, § 52-5-2(C) (2004), and New Mexico Administrative Code, 1.7.12.25. *See* **Exhibit A**. Disciplinary proceedings qualify for *Younger* deference. See *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (applying *Younger* abstention to state bar disciplinary proceedings). That this process began after Plaintiff filed the instant action is of no moment. *See Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (holding that "the principles of *Younger v. Harris* should apply in full force" where a state proceeding is instituted after the federal complaint is filed "but before any proceedings of substance on the merits have taken place in the federal court"). Accordingly, the first condition is met.

The second condition (i.e., the state provides an adequate forum to hear the claims raised in the federal complaint) is also met. The allegations that led to plaintiff's termination have been submitted to the State Personnel Board, which will initiate the hearing process by first submitting the allegations to plaintiff and allowing her the opportunity to file an answer with a hearing officer. 1.7.12.25(D) NMAC. After the parties submit a proposed pre-hearing order containing a statement of any contested facts and issues, stipulation of those matters not in dispute, the identity of all witnesses to be called and a brief summary of their testimony, a list of exhibits, and requests for subpoenas, the hearing officer will set the matter for a hearing. 1.7.12.25(E). The hearing is subject to the rules of evidence that govern proceedings in state courts and is normally open to the public in addition to being recorded. 1.7.12.25(G). Regulations expressly provide that the workers' compensation judge "shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel and to examine and cross-examine witnesses." *Id.* Following the hearing, the officer will submit to the parties a report with a brief

statement of the proceedings, a summary of the evidence, and findings with respect to the allegations. 1.7.12.25(I). The parties then have an opportunity to file objections before the officer submits his report and the record to the State Personnel Board, which will review report and record, make findings as to whether there was a violation of the code of judicial conduct, and transmit its findings to the director of the WCA to issue a final decision. 1.7.12.25(K).

This process will give plaintiff an adequate forum to raise the allegations at the heart of her complaint: that she did not, in fact, violate the code of judicial conduct when she took voting leave without actually voting and therefore she should not have been terminated. Accordingly, the second condition is met. *See, e.g.*, *ETP Rio Rancho Park*, 517 F. Supp. 3d at 1249 (finding regulations that provide a "right to a notice, a hearing, discovery, witnesses, representation by counsel, records, a written report, and final decision" adequate to give the plaintiff "an adequate opportunity to raise the federal claims"); *see also Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 77 (2d Cir. 2003) (finding that disciplinary proceedings against a judge provided an adequate opportunity to raise federal claims).

The third condition (i.e., that the state proceedings involve important state interests) is likewise satisfied. It cannot be gainsaid that the State of New Mexico has an important interest in maintaining the integrity of its judiciary. Thus, the issue of whether plaintiff should continue to serve as a workers' compensation judge and adjudicate claims after she apparently committed time fraud is sufficiently important to warrant *Younger* abstention. *Cf. Middlesex*, 457 U.S. at 434 ("The State of New Jersey has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."); *Spargo*, 351 F.3d at 81 (finding *Younger* abstention necessary for disciplinary proceedings against state judge); *Weitzel*, 240 F.3d at 876 ("[T]here is no question that the licensing and discipline of physicians involve important state

interests[.]" (cleaned up)); *see generally Williams-Yulee v. Florida Bar*, 575 U.S. 433, 445 (2015) ("We have recognized the vital state interest in safeguarding public confidence in the fairness and integrity of the nation's elected judges." (cleaned up)).

Since all three conditions are met, the Court should (and must) abstain. See *Seneca-Cayuga Tribe*, 874 F.2d at 711 ("*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims.").[1] Therefore, this Court should dismiss Counts III and IV of the Complaint seeking injunctive relief. See *ETP Rio Rancho Park, LLC*, 522 F. Supp. 3d at 1008 ("[A] federal district court should dismiss the claims for equitable relief under *Younger*, but stay the complaint with respect to the damages claim[.]" (citing *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989)).

### C. Plaintiff's claims for injunctive relief are moot

In addition, plaintiff's Complaint is moot to the extent it seeks injunctive relief because she is being provided all of the process she is allegedly due and owed. The Court lacks subject matter jurisdiction over a moot case. *Unified Sch. Dist. No. 259,* 491 F.3d at 1146-47. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.,* 428 F.3d 992, 996 (10th

---

[1] The only exceptions are "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Weitzel*, 240 F.3d at 876. No such circumstances are present here, as there is no evidence that Defendant's initiation of the procedure contemplated in Section 52-5-2(C) was taken to harass plaintiff or in bad faith. To the contrary, Defendant initiated this process to address the very issues at the heart of plaintiff's complaint (i.e., an alleged lack of procedural due process). That plaintiff alleges constitutional violations does not change this conclusion. *See Gauntlett v. Cunningham*, 171 Fed. Appx. 711, 715 n.3 (10th Cir. 2006) (declining to consider the allegation of due process violations as an "extraordinary circumstance" warranting an exception to abstention).

Cir. 2005) (internal quotation marks and citation omitted). This is true of actions for declaratory and injunctive relief. *Unified Sch. Dist. No. 259*, 491 F.3d at 1147. "The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Wyoming v. U.S. Dep't. of Agric.*, 414 F.3d 1174, 1182 (10th Cir. 2000).

The WCA's actions in filing a complaint with the State Personnel Board and reinstating plaintiff to her former position have mooted plaintiff's current complaints regarding due process. "[A]llegations of legal wrongdoing must be grounded in a concreate and particularized factual context; they are not subject to review as free-floating, ethereal grievances." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 (10th Cir. 2010). Because she has been reinstated and will be given all of the process requested in her Motion, plaintiff can no longer point to "some concrete and ongoing injury" requiring injunctive or declaratory relief. *Id*. at 1112. Plaintiff raises no additional concerns beyond wanting the process that the WCA has now provided. The WCA's subsequent actions places the parties in the same situation as those addressed by the Tenth Circuit in *Rio Grande Silvery Minnow*: "[W]e are not situated to issue a *present* determination with real-world effect because those regulations no longer are operational-for all material purposes, they no longer exist." *Id*. at 1113 (emphasis in original). Therefore, even if the Court finds that *Younger* does not apply (it does), the Court should nonetheless dismiss Counts III and IV.

### D. The Court should stay proceedings on the remaining claims for damages until the State Personnel Board proceedings conclude

What remains is Counts I and II, which are claims requesting damages for alleged procedural and substantive due process violations. *See* Doc. 1, Counts I-II. While these claims have very little chance of succeeding beyond a dispositive motion, especially given Defendant's qualified immunity, this Court should stay further proceedings on them until the State Personnel

7

Board proceedings have concluded. *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023) ("[A]s to claims for money damages, the appropriate course is staying proceedings on the federal damages claim until the state proceeding is final [under *Younger* abstention]." (cleaned up)).

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Counts III and IV without prejudice and stay proceedings on Counts I and II pending the conclusion of the State Personnel Board proceedings.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

By */s/ Cody R. Rogers*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant***

## CERTIFICATE OF SERIVE

I hereby certify that on this 6th day of February, 2025, I filed the foregoing through this Court's CM/ECF e-filing system and caused a true and correct copy of the same to be served upon all parties of record as reflected more fully in the electronic Notification of Service.

*/s/ Cody R. Rogers*
Cody R. Rogers