IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,

          **Plaintiff,**

v.                                                       Case 1:25-cv-00044-KWR-KK

HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,

          **Defendant.**

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

      Defendant Heather Jordan, in her individual and official capacities, respectfully submits this Response in Opposition to Plaintiff's Motion for Preliminary Injunction. Plaintiff's motion should be denied because she cannot meet the stringent standard for obtaining the extraordinary relief of a preliminary injunction. Plaintiff was terminated for legitimate reasons after knowingly engaging in conduct that created an appearance of impropriety—conduct that was directly contrary to the ethical obligations of her position. Her claims fail both legally and factually, and she has not demonstrated any irreparable harm requiring immediate judicial intervention.

### Introduction & Factual Background

      As set forth in plaintiff's *Motion for Preliminary Injunction* (Doc. 2, filed 1/14/2025) ("Motion"), plaintiff served as a Workers' Compensation Judge until she was terminated from her employment after she claimed voting leave to vote in the November 5, 2024 election, but did not vote.  Rather than correct this error, plaintiff instead certified that her use of voting leave was true and accurate, until such time as it was discovered by Defendant.  Plaintiff's employment was terminated as a result of this violation of the Code of Judicial Conduct.

Plaintiff now claims that pursuant to the New Mexico Administrative Code, 1.7.12.25, she was due additional process before her termination. *See* Doc. 2, generally. However, this complaint has been mooted by the fact that on February 4, 2025, the Workers' Compensation Administration ("WCA") served, via hand delivery and certified mail, a complaint to the State Personnel Board regarding the basis for plaintiff's termination, in accordance with NMSA 1978, § 52-5-2(C). *See Complaint Pursuant to NMSA 1978, 52-5-2(C) RE: Shanon Riley*, attached hereto as **Exhibit A**. Plaintiff has also been reinstated to her former position and placed on paid administrative leave pending the State Personnel Board proceedings. *See Letter of* Reinstatement, attached hereto as **Exhibit B**. Accordingly, plaintiff will receive all the process she claims she is due. Because Defendant has voluntarily addressed each of the concerns identified in plaintiff's request for injunctive relief, plaintiff's request is moot.[1] In addition, plaintiff cannot establish any of the remaining elements that would entitle her to injunctive relief. Finally, this Court should abstain from wading into a pending state administrative proceeding in accordance with *Younger* abstention principles. Accordingly, plaintiff's Motion should be denied.

### Argument & Authorities

**A. Plaintiff's claim for injunctive relief is moot**

The Court lacks subject matter jurisdiction over a moot case. *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. Of Kan.,* 491 F.3d 1143, 1146-47 (10th Cir. 2007). "Mootness is a

---

[1] In undertaking these actions, Defendant in no way concedes that the initial termination of plaintiff without first following this specific procedure—which is designed for handling complaints from members of the public—was improper. *See Roberts v. Winder*, 16 F.4th 1367, 1380 (10th Cir. 2021) (finding no procedural due process violation when employer informed employee his rank and pay would be reduced and subsequently sent letter to employee's counsel rejecting his grievance and explaining termination); *West v. Grand Cnty.*, 967 F.2d 362, 368 (10th Cir. 1992) ("A brief face-to-face meeting with a supervisor provides sufficient notice and opportunity to respond to satisfy the pretermination due process requirements of *Loudermill*."). Rather, this was simply done out of an abundance of caution.

threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.,* 428 F.3d 992, 996 (10th Cir. 2005) (internal quotation marks and citation omitted). This is true of actions for declaratory and injunctive relief. *Unified Sch. Dist. No. 259*, 491 F.3d at 1147. "The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Wyoming v. U.S. Dep't. of Agric.*, 414 F.3d 1174, 1182 (10th Cir. 2000).

The WCA's actions in filing a complaint with the State Personnel Board and reinstating plaintiff to her former position have mooted plaintiff's current complaints regarding due process. "[A]llegations of legal wrongdoing must be grounded in a concrete and particularized factual context; they are not subject to review as free-floating, ethereal grievances." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 (10th Cir. 2010). Because she has been reinstated and will be given all of the process requested in her Motion, plaintiff can no longer point to "some concrete and ongoing injury." *Id*. at 1112. Plaintiff raises no additional concerns beyond wanting the process that the WCA has now provided. The WCA's subsequent actions places the parties in the same situation as those addressed by the Tenth Circuit in *Rio Grande Silvery Minnow*: "[W]e are not situated to issue a *present* determination with real-world effect because those regulations no longer are operational-for all material purposes, they no longer exist." *Id*. at 1113 (emphasis in original).

None of the exceptions to the mootness doctrine are applicable to this case. The first recognized exception to mootness is for disputes capable of repetition yet evading review, which occur when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (internal quotation marks and citation omitted). The second recognized exception is for cases in

3

which the defendant voluntarily ceases the challenged conduct. *See N.M. Health Connections*, 946 F.3d at 1159. The purpose behind this exception is to counteract gamesmanship aimed at mooting a case before resuming the illegal conduct. *Id.* Thus, the exception does not apply if it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation marks and citation omitted). In this vein, "although governmental defendants might take action as a direct response to litigation, . . . self-correction again provides a secure foundation for mootness so long as it seems genuine." *Rio Grande Silvery Minnow*, 601 F.3d at 1118 (quoting 13C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. Juris. § 3533.7 (3rd ed. 2008)).

Here, there is no reasonable expectation that the WCA will not proceed in accordance with the applicable NMAC provisions regarding the State Personnel Board proceeding. *See Rio Grande Silvery Minnow,* 601 F.3d at 1116 n.15 ("[I]n a mootness analysis courts must undertake to make predictions, including as to the probability of recurrence, and that the process of prediction also is shaped by the character of the defendant—claims of discontinuance by public officials are more apt to be trusted than like claims by private defendants[.]" (internal quotation marks and citation omitted)). Accordingly, this Court should deny plaintiffs' requests for preliminary injunctive relief as moot. *See Valdez v. Lujan Grisham*, 2024 WL 2319752, at *3 (10th Cir. May 22, 2024) (finding case moot when the plaintiff could not be subject to a challenged vaccine requirement that has been rescinded and there is no evidence that it would be reimposed (citing *Robert v. Austin*, 72 F.4th 1160, 1164-65 (10th Cir. 2023)); *S. Wind Women's Ctr. LLC v. Stitt*, 823 Fed. Appx. 677, 680 (10th Cir. 2020) (concluding that an appeal from a preliminary injunction enjoining Oklahoma from enforcing parts of an executive order as it related to abortions was moot because the order's abortion restrictions expired shortly after the

district court granted the preliminary injunction and "Oklahoma no longer seeks to do what the injunction prohibits").[2]

### B. The Court should abstain from addressing plaintiff's claims under the *Younger* abstention doctrine

Under the *Younger* abstention doctrine, "federal courts should not interfere with state court proceedings' by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when the state forum provides an adequate avenue for relief." *ETP Rio Rancho Park, LLC v. Lujan Grisham*, 522 F. Supp. 3d 966, 1007 (D.N.M. 2021); *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001). A federal court must abstain when: (1) there is an ongoing state administrative proceeding; (2) the state provides an adequate forum to hear the claims; and (3) the proceeding involves important state interests. See *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989).

All three conditions are met here. First, plaintiff's disciplinary proceeding has been submitted to the New Mexico State Personnel Board, which is reviewing the matter pursuant to NMSA 1978, § 52-5-2(C) (2004), and New Mexico Administrative Code, 1.7.12.25. Disciplinary proceedings qualify for *Younger* deference. See *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (applying *Younger* abstention to state bar disciplinary proceedings). That this process began after Plaintiff filed the instant action is of no moment. *See*

---

[2] That Defendant does not concede that the initial termination of plaintiff without going through this process was improper is of no moment. *See Brown*, 822 F.3d at 1177 ("But if the allegedly unlawful conduct cannot 'reasonably be expected to recur,' it does not matter that the prosecutor ruled out prosecution because he wished to prevent adjudication of the federal claim on the merits. Either a live controversy exists, or it does not. Federal courts may not exercise jurisdiction over a case simply because the defendant wished the suit to end when ceasing his or her allegedly unlawful conduct.").

*Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (holding that "the principles of *Younger v. Harris* should apply in full force" where a state proceeding is instituted after the federal complaint is filed "but before any proceedings of substance on the merits have taken place in the federal court"). Accordingly, the first condition is met.

The second condition (i.e., the state provides an adequate forum to hear the claims raised in the federal complaint) is also met. The allegations that led to plaintiff's termination have been submitted to the State Personnel Board, which will initiate the hearing process by first submitting the allegations to plaintiff and allowing her the opportunity to file an answer with a hearing officer. 1.7.12.25(D) NMAC. After the parties submit a proposed pre-hearing order containing a statement of any contested facts and issues, stipulation of those matters not in dispute, the identity of all witnesses to be called and a brief summary of their testimony, a list of exhibits, and requests for subpoenas, the hearing officer will set the matter for a hearing. 1.7.12.25(E). The hearing is subject to the rules of evidence that govern proceedings in state courts and is normally open to the public in addition to being recorded. 1.7.12.25(G). Regulations expressly provide that the workers' compensation judge "shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by counsel and to examine and cross-examine witnesses." *Id.* Following the hearing, the officer will submit to the parties a report with a brief statement of the proceedings, a summary of the evidence, and findings with respect to the allegations. 1.7.12.25(I). The parties then have an opportunity to file objections before the officer submits his report and the record to the State Personnel Board, which will review report and record, make findings as to whether there was a violation of the code of judicial conduct, and transmit its findings to the director of the WCA to issue a final decision. 1.7.12.25(K).

This process will give plaintiff an adequate forum to raise the allegations at the heart of her complaint: that she did not, in fact, violate the code of judicial conduct when she took voting leave without actually voting and therefore she should not have been terminated. Accordingly, the second condition is met. *See, e.g.*, *ETP Rio Rancho Park*, 517 F. Supp. 3d at 1249 (finding regulations that provide a "right to a notice, a hearing, discovery, witnesses, representation by counsel, records, a written report, and final decision" adequate to give the plaintiff "an adequate opportunity to raise the federal claims"); *see also Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 77 (2d Cir. 2003) (finding that disciplinary proceedings against a judge provided an adequate opportunity to raise federal claims).

The third condition (i.e., that the state proceedings involve important state interests) is likewise satisfied. It cannot be gainsaid that the State of New Mexico has an important interest in maintaining the integrity of its judiciary. Thus, the issue of whether plaintiff should continue to serve as a workers' compensation judge and adjudicate claims after she apparently committed time fraud is sufficiently important to warrant *Younger* abstention. *Cf. Middlesex*, 457 U.S. at 434 ("The State of New Jersey has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."); *Spargo*, 351 F.3d at 81 (finding *Younger* abstention necessary for disciplinary proceedings against state judge); *Weitzel*, 240 F.3d at 876 ("[T]here is no question that the licensing and discipline of physicians involve important state interests[.]" (cleaned up)); *see generally Williams-Yulee v. Florida Bar*, 575 U.S. 433, 445 (2015) ("We have recognized the vital state interest in safeguarding public confidence in the fairness and

integrity of the nation's elected judges." (cleaned up)). Since all three conditions are met, the Court should (and must) abstain. *See Seneca-Cayuga Tribe*, 874 F.2d at 711.[3]

### C. Plaintiff cannot establish that she is entitled to preliminary injunctive relief

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (internal quotation marks and citation omitted). To obtain preliminary injunctive relief, plaintiffs must show that "(1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits." *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). "The third and fourth factors 'merge' when, like here, the government is the opposing party." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020). Because preliminary injunctive relief is an "extraordinary remedy, . . . the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006). The movant *must* satisfy his or her burden for *each* one of these prerequisites. *See Diné Citizens Against Ruining Our Env't*, 839 F.3d 1276, 1281-82 (10th Cir. 2016). Additionally, "any preliminary injunction fitting within one of the disfavored categories [of preliminary

---

[3] The only exceptions are "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Weitzel*, 240 F.3d at 876. No such circumstances are present here, as there is no evidence that Defendant's initiation of the procedure contemplated in Section 52-5-2(C) was taken to harass plaintiff or in bad faith. To the contrary, Defendant initiated this process to address the very issues at the heart of plaintiff's complaint (i.e., an alleged lack of procedural due process). That plaintiff alleges constitutional violations does not change this conclusion. *See Gauntlett v. Cunningham*, 171 Fed. Appx. 711, 715 n.3 (10th Cir. 2006) (declining to consider the allegation of due process violations as an "extraordinary circumstance" warranting an exception to abstention).

injunctions, such as the one in the instant case,] must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course[,]" and "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms[.]" *O Centro Espirita Beneficente Uniao do Vegetal ("O Centro") v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004); *see* Doc. 2 at 4 (admitting that plaintiff seeks a disfavored injunction).

   1. <u>Plaintiff cannot demonstrate irreparable harm</u>

In the present case, the WCA has already acted to provide plaintiff with all of the process she claims she is due pursuant to Section 52-5-2(C), and New Mexico Administrative Code, 1.7.12.25.[4] Accordingly, she cannot establish that she will suffer any harm, much less irreparable harm. *See McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[A] procedural due process violation is not complete 'unless and until the State fails to provide due process.' In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).

   2. <u>Plaintiff cannot demonstrate a likelihood of success on the merits</u>

Defendant disputes the merits of plaintiff's procedural due process claim. *See supra* note 1. However, the Court need not address plaintiffs likelihood of succeeding on this issue since the

---

[4] To the extent plaintiff may claim she is entitled to greater relief, such a claim goes beyond any procedural protections afforded by New Mexico law, which does not prohibit putting plaintiff on administrative leave pending the State Personnel Board's hearing process, *see* § 52-5-2(C); 1.7.12.25 NMAC, or the constitution. *See Hulen v. Yates*, 322 F.3d 1229, 1248 (10th Cir. 2003) (rejecting argument that tenured professor was entitled to formal hearing before being fired and observing that "this circuit has required only the core of notice and an opportunity to be heard").

9

WCA has taken action that has mooted plaintiff's requested injunctive relief and because plaintiff will be given all the process that she has requested and is due.  Plaintiff's substantive due process claim—which they do not even develop in their motion—likewise fails as a matter of law.  *See Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 599 (2008) "[T]he Due Process Clause does not protect a public employee from discharge, even when such discharge was mistaken or unreasonable." (citing *Bishop v. Wood*, 426 U.S. 341, 350 (1976)).  Instead, a public employee with a property interest in continued employment has substantive due process right only from termination for arbitrary or capricious reasons.  *See Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1215 (10th Cir. 1998).  This requires analysis of whether a governmental action is arbitrary, irrational, or shocking to the contemporary conscience. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200-01 (10th Cir. 2003).  Here, plaintiff claims that Defendant's determination that plaintiff's use of voting leave when she did not vote, and then failure to correct that action, constituted a violation of the Code of Judicial Conduct was arbitrary. *See* Doc. 1 at Count II.  However, even if plaintiff is correct that her actions did not violate the Code of Judicial Conduct, Defendant's decision is not one that "shock[s] the conscience of federal judges." *Collins v. City of Harker Heights*, 503 U.S. 115, 126.  To satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995).  Instead, a plaintiff "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id*.  "The level of conduct required to satisfy this additional requirement cannot precisely be defined, but must necessarily evolve over time from judgments as to the constitutionality of specific government conduct." *Id*.  Defendant's determination that plaintiff's actions violated the Code of Judicial Conduct simply do not meet this

10

exacting standard. *See Reams v. City of Frontenac, Kansas*, 587 F. Supp. 3d 1082, 1100 (D. Kan. 2022) (explaining high bar of showing conscious shocking behavior in public employee termination case).

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court deny plaintiff's Motion, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

By */s/ Cody R. Rogers*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
*Attorneys for Defendant*

## CERTIFICATE OF SERIVE

I hereby certify that on this 6th day of February, 2025, I filed the foregoing through this Court's CM/ECF e-filing system and caused a true and correct copy of the same to be served upon all parties of record as reflected more fully in the electronic Notification of Service.

*/s/ Cody R. Rogers*
Cody R. Rogers