IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHANON S. RILEY,**

      **Plaintiff,**

v.   No. 1:25-cv-00044-KWR-KK

**HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,**

      **Defendant.**

## REPLY TO RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Shanon S. Riley, by and through her counsel of record, Kennedy, Hernandez & Harrison, P.C., hereby respectfully submits this Reply in support of Plaintiff's Motion for Preliminary Injunction (Doc. 2), filed Jan. 14, 2025. In addition to arguing that Plaintiff's claim for injunctive relief is factually inadequate, Defendant argues that Plaintiff's motion is moot and barred by *Younger* abstention.[1] *See* Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 8), filed Feb. 6, 2025 ("Response"). As discussed below, Defendant's arguments are misplaced.

## FACTUAL BACKGROUND

After Plaintiff filed her Complaint and Motion for Preliminary Injunction on January 14, 2025, Defendant half-heartedly attempted to rectify the ongoing violation of Plaintiff's constitutional rights. On February 6, 2025, the Workers' Compensation Administration (WCA) did what should have been done months ago—it filed a complaint with the State Personnel Board (the "Board") alleging that Plaintiff's trivial timesheet error in the SHARE system amounted to a

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

violation of the Code of Judicial Conduct. *See* (Doc. 8-1), filed Feb. 6, 2025. Shortly after the WCA filed the complaint, Defendant sent Plaintiff an offer of reinstatement. (Doc. 8-2), filed Feb. 6, 2025. According to the offer, Plaintiff would be reinstated and immediately placed on paid administrative leave while the Complaint to the Board was pending. *Id.*

The offer of reinstatement also imposed several conditions upon Plaintiff if she agreed to its terms. First, Plaintiff would be considered "an at-will exempt employee" to "serve at the pleasure of the Office of the Governor." *Id.* This provision clearly contradicts New Mexico law mandating that violation of the Code of Judicial Conduct "shall be exclusive grounds for dismissal" prior to the expiration of a Workers' Compensation Judge's term, NMSA 1978, § 52-5-2(C), and the elaborate hearing procedures specified by the New Mexico Administrative Code when a complaint is filed against a WCJ, *see* 1.7.12.25 NMAC. The offer of reinstatement also bars Plaintiff's contact with "any member of the NMWCA staff, other than Cathy Farrell," while she is on paid administrative leave. (Doc. 8-2). This provision violates Plaintiff's First Amendment rights to freedom of speech and association.

Essentially, the offer requires Plaintiff to give up her protected property interest in continued employment as defined by state law, her right to the hearing procedures provided by the New Mexico Administrative Code, and her First Amendment protections. It is well established that the government may not condition an offer of employment on a basis that infringes the prospective employee's constitutionally protected interests. *See Perry v. Sinderman*, 408 U.S. 593, 597 (1972) (collecting cases).

For these reasons, Plaintiff rejected the WCA's offer of reinstatement. On February 14, 2025, Plaintiff's counsel returned Defendant's offer of reinstatement with Plaintiff's response. *See* Rejection Letter, attached hereto as Exhibit 1. Plaintiff checked the box declining the position

2

reinstatement offer and included her signature and the date. *Id.* The body of the email clarified Plaintiff's objections to the reinstatement offer, including that it would strip Plaintiff of her statutory protections, constitutional rights, and her ability to resolve pending cases. Rejection Email, attached hereto as Exhibit 2. The email also clarified that Plaintiff was not resigning from her position as a WCJ or waiving her entitlement to full reinstatement and would continue to pursue a preliminary injunction ordering the WCA to fully reinstate Plaintiff on favorable terms. *Id.*

## LEGAL ARGUMENT

### A. Plaintiff's claim for injunctive relief is **not** moot.

#### 1. Plaintiff has not been reinstated as a WCJ.

Defendant argues that Plantiff's motion is moot because Plaintiff has been reinstated "and will be given all of the process requested in her Motion[.]" Response, at 3. As discussed above, however, Plaintiff rejected the WCA's existing offer of reinstatement. Accordingly, her preliminary injunction cannot be moot on that basis.

Even assuming, for the sake of argument, that Plaintiff accepted Defendant's unconstitutional conditions of reinstatement, that would still be insufficient to moot Plaintiff's claims. The purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). There are some injunctions that "disturb the status quo and those that do not." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005). To determine the status quo, the Court looks to the "last peaceable uncontested status existing between the parties before the dispute developed[.]" *Id.* (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948, at 136 (2d ed.1995)). For example, in *Schrier*, a tenured professor was summarily terminated from his position as department chair and sought injunctive relief to be reinstated to his position. *Id.* at 1257,

3

1260. The Tenth Circuit reasoned that the last peaceable uncontested status between the parties was when the professor was still serving as department chair. *Id.* at 1260. Thus, the professor's request for injunctive relief sought to preserve the status quo. *Id.*

Here too, Plaintiff's Motion—while mandatory in nature—seeks to return Plaintiff to the last peaceable uncontested status existing between Plaintiff and Defendant *before* Plaintiff was terminated without due process. That is, Plaintiff seeks to return to her position as a WCJ where she can attend to pending matters, speak to her co-workers, and fulfill her duties to the end of her five-year term. Rather than returning Plaintiff to her previous status as a full-time employee, Defendant has chosen to place Plaintiff on administrative leave and block her communications with her co-workers. Defendant has also attempted to coerce Plaintiff to agree to at-will employment in blatant contradiction of Section 52-5-2(C). Although Defendant refuses to restore the status quo, the Court may nonetheless do so. Because the Court may still afford Plaintiff relief, Defendant's offer of reinstatement cannot moot Plaintiff's Motion.

### 2. The Board Lacks Jurisdiction to Adjudicate Plaintiff's Claims

Similarly, the pending proceeding before the Board does not moot Plaintiff's Motion. The Board lacks subject matter jurisdiction to hear any claim against Plaintiff. The New Mexico Administrative Code permits the board's duly appointed hearing officer to hear complaints only when "filed in accordance with the provisions of NMSA 1978, Section 52-5-2(C)." In turn, Section 52-5-2(C) mandates that "complaints against a **workers' compensation judge** shall be filed with the state personnel board[.]" (emphasis added). Plaintiff is no longer a WCJ, she was not a WCJ when the WCA filed its Complaint, she has not been reinstated to her position as a WCJ, and she does not intend to accept the WCA's offer of reinstatement. Neither the Board nor its hearing

officer have jurisdiction to hear any complaint filed against Plaintiff,[2] and Plaintiff retains her claim to a proper hearing.

      **B.** ***Younger*** **abstention does not apply.**

For the federal court to abstain from exercising jurisdiction over pending state proceedings, the following requirements must be met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). The doctrine has no application here.

First, as discussed above, there is no ongoing state administrative proceeding because the State Personnel Board lacks jurisdiction over Plaintiff.

Second, even assuming the Board has jurisdiction in this matter, the Board cannot provide an adequate forum to hear the claims asserted in Plaintiff's federal complaint. There is a fundamental difference between the proceedings in federal court and the proceedings before the Board. In her federal case, Plaintiff alleges that she was terminated without due process of law in violation of the United States Constitution and seeks to enjoin the ongoing deprivation of her constitutional rights. In contrast, the Complaint filed with the Board alleges that Plaintiff violated the New Mexico Canons of Judicial Conduct. It is silent regarding her rights to due process of law. The Board cannot provide Plaintiff the relief she seeks in federal court.

More importantly, the Board lacks authority to adjudicate Plaintiff's constitutional claims in the first place. "The Board is a public administrative body created by statute[,]" and it "is limited to the power and authority expressly granted or necessarily implied by statute[.]" *Martinez v. N.M.*

---

[2] On February 17, 2025, Plaintiff filed a Motion with the Board arguing that the complaint against Plaintiff should be dismissed for lack of jurisdiction.

*State Eng'r Office*, 2000-NMCA-074, ¶ 22, 129 N.M. 413, 9 P.3d 657. Section 52-5-2(B) states that "Workers' compensation judges shall not be subject to the provisions of the Personnel Act except as provided by Subsection C of this section." Subsection C is largely silent on the Personnel Act, requiring only that "complaints against a workers' compensation judge shall be filed with the state personnel board, which shall report its findings to the director." § 52-5-2(C). Thus, the Board derives its statutory authority from the Personnel Act, and that authority—to the extent it deals with WCJs—is limited to hearing complaints filed against them. Furthermore, given that dismissal of a WCJ is only appropriate for violations of the Code of Judicial Conduct, the Board's authority over WCJs is further constrained to resolving complaints for violations of the Code of Judicial Conduct. It cannot adjudicate Plaintiff's constitutional claims.

Third, Plaintiff does not disagree that the Board's resolution of the complaint likely involves important state interests that are typically resolved under state law. After all, Section 52-5-2(C) expressly contemplates the Board's jurisdiction over these issues. But given that there is no relationship between Plaintiff's federal complaint and the WCA's complaint before the Board, this inquiry is irrelevant.

### C. Plaintiff has clearly established an entitlement to preliminary injunctive relief.

Plaintiff has presented overwhelming evidence that she is entitled to preliminary injunctive relief.[3] Defendant correctly notes that there are four requirements for a preliminary injunction—"(1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4)

---

[3] Plaintiff intentionally avoided discussing her substantive due process claim in the Motion for Preliminary Injunction. Given the strength of Plaintiff's procedural due process claim, that violation alone is sufficient for the Court to grant Plaintiff's requested injunctive relief.

there is a substantial likelihood that the moving party will eventually prevail on the merits." Response, at 8 (quoting *Resolution Tr. Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992)).

### 1. Factors (2) and (3)

Curiously, Defendant does not specifically contest factors (2) and (3), likely because she would be hard pressed to do so. As Plaintiff argued in her initial motion, "'when a constitutional right hangs in the balance,' as it does here '"even a temporary loss" usually trumps any harm to the defendant.'" (Doc. 2), at 8 (quoting *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 806 (2019)). Moreover, there would be virtually no damage to Defendant in reinstating Plaintiff, as she is a competent, knowledgeable, and experienced WCJ. Her reinstatement would *benefit* the public interest, by maintaining public confidence in the WCA and the state's administrative disciplinary procedures and allowing Plaintiff to resolve her pending cases. *See also Free the Nipple-Fort Collins*, 916 F.3d at 807 (reasoning that it is "always in the public interest to prevent the violation of a party's constitutional rights").

### 2. Factors (1) and (4)

Although Defendant contests factors (1) and (4), her arguments are unavailing. First, Defendant argues that its belated provision of process negates Plaintiff's ability to demonstrate irreparable harm. Response, at 9. To support her poor argument, Defendant contorts the Eleventh Circuit's decision in *McKinney v. Pate* to stand for a clearly false proposition: that a government actor may deprive a person's constitutionally protected property interest without notice and an opportunity to be heard and remedy the violation ex post facto. Response, at 9 (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)). That is incorrect. In a subsequent decision, the Eleventh Circuit clarified and squarely rejected Defendant's interpretation of *McKinney*: "Properly understood, *McKinney*'s holding that a state 'may cure a procedural deprivation by providing a

later procedural remedy' is true only where post-deprivation procedures satisfy due process." *Galbreath v. Hale Cty., Ala. Comm'n*, 754 F. App'x 820, 828 (11th Cir. 2018). "But where a due process violation is already complete because no hearing was held as required by *Loudermill*, *McKinney* has no application." *Id.* Here, Plaintiff suffered irreparable harm when she was terminated without a hearing, and she continues to suffer irreparable harm every day she is not fully reinstated and provided an adequate hearing. *McKinney* has no application here.

Given that Defendant's mootness arguments fail, Plaintiff's claims for injunctive relief stand strong. Defendant asserts no additional reasons why Plaintiff cannot succeed. Again—Defendant would be hard pressed to do so. For many years, courts at every level in the federal system have repeatedly held that where state law limits the grounds for termination to just cause, state law also confers a protected property interest on the employee. *See Perry*, 408 U.S. at 600; *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985); *Hayward v. Henderson*, 623 F.2d 596, 597 (9th Cir. 1980); *Schaper v. City of Huntsville*, 813 F.2d 709, 713–14 (5th Cir. 1987); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998); *Pray v. Caballero*, No. 03-cv-685, 2003 WL 27384725, at *9 (D.N.M. Dec. 2, 2003) (Browning, J.). The Supreme Court has made abundantly clear that an employee facing deprivation of his protected property interest "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546. Just as Defendant's predecessors at the WCA failed to afford two WCJs a pre-termination hearing many years ago, *see Fuller v. Varela*, No. 1:03-cv-00311-WJ-RHS (D.N.M. 2003); *Harmon v. Varela*, No. 1:03-cv-00370-WJ-ACT (D.N.M. 2003), Defendant has committed the same violation here. Plaintiff is entitled to relief.

**CONCLUSION**

For the reasons argued above, Plaintiff respectfully moves this Court for an order granting a preliminary injunction to restore the status quo by ordering Defendant to fully reinstate Plaintiff pending resolution of this matter on the merits.

Respectfully submitted,

KENNEDY, HERNANDEZ & HARRISON, P.C.

*/s/ Jeffrey D. Vescovi*
Jessica M. Hernandez
Paul J. Kennedy
Elizabeth A. Harrison
Jeffrey D. Vescovi
201 Twelfth Street Northwest
Albuquerque, New Mexico 87102
(505) 842-8662

*Attorneys for Plaintiff*

I hereby certify that a true copy of the foregoing was served electronically on February 18, 2025, through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Jeffrey D. Vescovi*
Jeffrey D. Vescovi