IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHANON S. RILEY,**

        **Plaintiff,**

v.                                                                         Case 1:25-cv-00044-KWR-KK

**HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,**

        **Defendant.**

## DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS WITHOUT PREJUDICE AND STAY PENDING THE ADMINSTRATIVE PROCEEDINGS

Defendant Heather Jordan, in her individual and official capacities, respectfully submits this Reply in support of her Partial Motion to Dismiss Without Prejudice and Stay Pending the Administrative Proceedings.

## Introduction

In her Response to Defendant's Partial Motion to Dismiss Without Prejudice and Stay Pending the Administrative Proceeding ("Partial Motion"), plaintiff continues to insist that she be allowed to assert a constitutional due process challenge to a procedure she was granted and rejected. Despite being granted and then rejecting the very due process she claims she was owed, plaintiff now insists that this is somehow inadequate and that she should be allowed to bypass the process in order to pursue a different claim.  This argument fails at every level.  Procedurally, plaintiff's due process claims are moot to the extent that she seeks prospective injunctive relief because any ongoing injury she now claims is self-inflicted.  Additionally, *Younger* abstention applies to this matter.  Accordingly, Defendant requests that the Court dismiss Counts III and IV

of plaintiff's Complaint without prejudice and stay proceedings on the remaining claims for damages until such time as the State Personnel Board proceedings are concluded.

## Argument & Authorities

### I. Plaintiff's claims for injunctive relief are moot

Plaintiff claims that her request for injunctive relief is not moot because she has not been reinstated as a Workers' Compensation Judge, which is a condition she created when she rejected the reinstatement notice submitted to her. Doc. 12 at pp. 5. Plaintiff claims that she did so because she did not accept the premise of limited or partial reinstatement, which placed her on administrative leave pending resolution of the SPO complaint. Doc. 12 at pp. 6. This argument finds no support in the law or facts.

After it issued its proposed reinstatement notice to plaintiff, the Workers Compensation Administration noticed that the notice erroneously contained "governor exempt" boilerplate language typically contained in similar forms. To correct this issue, it issued a revised notice to plaintiff on February 26, 2025, which was delivered on February 28, 2025. *See* **Exhibit C**, attached hereto.[1] As of the filing of this Reply, plaintiff has not responded to that notice. Of course, plaintiff further compounded her own injury by seeking dismissal of the process she insisted that she was due. *See* Doc. 14, filed 3/4/2025. What plaintiff has accomplished is further vitiating her standing to seek injunctive relief in this matter.

Plaintiff is seeking prospective injunctive relief—viewed by courts as the "extraordinary" and "disfavored" form of preliminary relief. *See Dias v. City & Cnty. of Denver*, 567 F.3d 1169,

---

[1] The revised notice also eliminates any possibility that plaintiff could claim it limits her First Amendment rights. *See Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178 (E.D.N.Y. 2009); *Brady v. Dammer*, 573 F.Supp.2d 712, 724–25, 730 (N.D.N.Y.2008); *McDaniel v. Quick*, 2010 WL 2889026, at *6 (D.S.C. June 1, 2010), *report and recommendation adopted*, 2010 WL 2889024 (D.S.C. July 22, 2010).

1176 (10th Cir. 2009) ("To establish standing to seek prospective relief, a plaintiff must show a continuing injury[.]"); *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." (cleaned up)). To the extent she claims her injury is ongoing, it is self-inflicted and cannot serve as the basis for any injunction against Defendant. *See Colorado v. U.S. Envtl. Prot. Agency*, 989 F.3d 874, 888 (10th Cir. 2021) (explaining that self-inflicted injuries cannot satisfy the requirements for Article III standing because they break the causal chain linking the defendant's conduct to the asserted injury).

Plaintiff came to this Court asking for the very thing that Defendant attempted to provide her: reinstatement to her position as a Workers Compensation Judge pending the resolution of the administrative proceeding contemplated in the New Mexico statutes and administrative code provisions governing the employment of Workers' Compensation Judges.[2] *See* Doc. 1, at ¶¶ 62; 67. Plaintiff's decision to reject reinstatement and the administrative procedure is an injury entirely of her own making. Plaintiff claims that the reinstatement does not meet her demands because it does not allow her to actively report to work or handle cases but instead places her on administrative leave pending resolution of the SPO complaint. This constantly moving target as to what details of reinstatement plaintiff prefers simply underscores the fact that there is no injury caused by Defendant that could be addressed by this Court at this point. Plaintiff's decisions have destroyed any causal link between her purported injury and Defendant's action(s).

---

[2] Again, Defendant in no way concedes that the initial termination of plaintiff without first following this specific procedure—which is designed for handling complaints from members of the public—was improper. *See* Doc. 8, at 2 n.1. Defendant simply did this out of an abundance of caution.

Article III standing requires an injury to be "fairly traceable to the challenged conduct of the defendant, and not the result of the independent action of some third party not before the court." *Colorado v. U.S. Envtl. Prot. Agency*, 989 F.3d at 889. The only "harm" at issue currently is one which plaintiff has inflicted on herself. Defendant remedied the purportedly "irreparable harm" set forth in plaintiff's complaint and in her petition for injunctive relief, which plaintiff then re-inflicted upon herself. That decision is not "fairly traceable" to any of Defendant's actions and thus does not constitute irreparable harm or provide plaintiff standing. *Id*. at 888. See *Pennsylvania v. New Jersey*, 426 U.S. 660. 664 ("The injuries to the plaintiffs' fiscs were self-inflicted, resulting from decisions by their respective state legislatures…No State can be heard to complain about damage inflicted by its own hand."); *Petro-Chem Processing, Inc. v. EPA*, 866 F.2d 433, 438 (D.C. Cir. 1989) (self-inflicted injury, created if petitioners chose hazardous waste disposal methods they believed were unsafe and could expose them to strict liability, was not traceable to the challenged action because it was self-inflicted, even if it was arguably "forced" by competitive pressures.").

Here, plaintiff's decision to reject reinstatement because it did not meet every condition that she preferred has broken the causal link between Defendant's action and any ongoing harm she claims to be suffering. The break in the causal link moots her purported injury and eliminates Article III standing.

**II.     Plaintiff's due process claims can be redressed in the state administrative proceeding, and a stay of plaintiff's damages claims is appropriate.**

Plaintiff claims that *Younger* abstention principles do not apply to her claims in this case because she cannot litigate her § 1983 due process claims in the SPO proceeding. This argument misses the mark. *Younger* abstention applies when: (1) there is an ongoing state administrative proceeding; (2) the state provides an adequate forum to hear the claims; and (3) the proceeding

4

involves important state interests. See *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989). *Younger* abstention is appropriate in the face of ongoing state administrative proceedings. *See Ohio Civil Rights Comm'n. v. Daytron Christian Sch., Inc.*, 477 U.S. 619 (1986) (reversing district court that did not abstain from ongoing proceedings before state civil rights commission); *Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 457 U.S. 423, 432-34 (1982) (holding that district court should have abstained from lawyer disciplinary proceedings because they were ultimately within the state Supreme Court's jurisdiction). *Younger* abstention applies in these cases, where "the federal plaintiffs [seeks] to thwart a state administrative proceeding initiated to punish the federal plaintiff for a bad act." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 891 (10th Cir. 2009). Here, the SPO proceeding remains "ongoing."[3] Plaintiff does not dispute that the SPO proceeding involves important state interests. Instead, plaintiff focuses solely on the allegation that her § 1983 claims cannot be heard in the SPO proceeding. However, plaintiff has adduced no evidence to suggest that she cannot present her due process claims either in the SPO proceeding or on judicial review. The SPO proceeding contemplates a complaint, an answer, a stipulated prehearing order that governs discovery and identifies facts and issues in dispute, and subpoena power to compel production of documents and the appearance of witnesses. *See* NMAC 1.7.12.25(C), (D), (E). The hearing itself is governed by the New Mexico rules of evidence, and contemplates representation by counsel, examination and cross-examination of witnesses, and post hearing briefs and proposed findings. *See* NMAC 1.7.12.25(G); (I); (J). Following the hearing,

---

[3] As plaintiff's "Notice of Supplemental Exhibit" (Doc. 14, filed 3/4/2025) reveals, the State Personnel Board granted plaintiff's request and dismissed the complaint filed by Defendant on March 4, 2025. However, that action does not preclude Defendant from submitting a new or amended complaint or appealing the State Personnel Board's order to the district court. "Ordinarily, a state proceeding ends when the time for appeal has run." *Hunter*, 660 Fe3d. Appx. at 715 (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006).

the report of the hearing officer is transmitted to the State Personnel Board, which "shall consider the report of the hearing officer and the record made before the hearing officer and in connection therewith make its findings as to whether there was a violation of the code of judicial conduct and transmit its findings to the director of the workers' compensation administration." NMAC 1.7.12.25(K). Additionally, administrative agency decisions are appealable to the district courts of New Mexico, pursuant to Rule 1-074 NMRA and NMSA 1978 § 39-3-1.1(D) ("In a proceeding for judicial review of a final decision by an agency, the district court may set aside, reverse or remand the final decision if it determines that 1) the agency acted fraudulently, arbitrarily or capriciously; 2) the final decision was not supported by substantial evidence; or 3) the agency did not act in accordance with law."). Plaintiff has not demonstrated that she would be precluded from raising her due process claims at any stage of these proceedings. *See Hunter v. Hirsig*, 660 Fed. Appx. 711, 717 (10th Cir. 2016) (unpublished) (holding that *Younger* abstention applied to ongoing state proceedings governed by the Wyoming Administrative Procedure Act and subject to judicial review); *Ohio Civil Rights Comm'n.*, 477 U.S. at 629 ("[I]t is sufficient…that constitutional claims may be raised in state-court judicial review of the administrative proceeding."); *ETP Rio Rancho Park, LLC v. Lujan Grisham*, 522 F. Supp. 3d 966, 1050 (D.N.M. 2021) (finding that administrative regulations providing notice, a hearing, witnesses, representation by counsel, records, a written report and a final decision gave petitioner "a reasonable opportunity to litigate its federal claims" such that *Younger* abstention was appropriate.)

In addition, Defendant has asked the Court to dismiss the claims for *equitable* relief under *Younger*, and to stay the claims seeking monetary damages. Plaintiff also agues the merits of a potential motion to dismiss based on qualified immunity, but that misplaced argument does not

6

weigh against a stay. Because a stay of the damages claim is the most judicially efficient method of proceeding, the Court should stay plaintiff's claims for damages.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Counts III and IV without prejudice and stay proceedings on Counts I and II pending the conclusion of the State Personnel Board proceedings.

Respectfully submitted

**SERPE | ANDREWS, PLLC**

By */s/ Cody R. Rogers*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant***

## CERTIFICATE OF SERIVE

I hereby certify that on this 5th day of March, 2025, I filed the foregoing through this Court's CM/ECF e-filing system and caused a true and correct copy of the same to be served upon all parties of record as reflected more fully in the electronic Notification of Service.

*/s/ Cody R. Rogers*
Cody R. Rogers



# State of New Mexico

Michelle Lujan Grisham
*Governor*

February 26, 2025

Shanon Riley
5305 Canada Vista Pl NW
Albuquerque, NM 87120

Dear Ms. Riley:

This letter is to notify you that effective February 15, 2025, you are hereby reinstated into your position as a Workers Compensation Judge with the NM Workers Compensation Administration.

Your rate of pay will be $194,597.23. As a Workers Compensation Judge, and pursuant to NMSA 1978, Section 52-5-2(C), you are subject to dismissal prior to the expiration of your term of appointment for violations of the Code of Judicial Conduct, except canon 21-900.

This is also your notification that effective immediately upon your reinstatement, you are placed on paid administrative leave pursuant to the recently filed State Personnel Board Complaint dated February 4, 2025. During this time that you are on paid administrative leave you are not to represent yourself to any person as a representative of the NM Workers Compensation Administration (NMWCA) or to perform any job duties on behalf of the NMWCA. You are not to gain access to any NMWCA computer, electronic mail account or office facility without my express permission. You are not to access the PeopleSoft-SHARE system. You are not to contact any member of the NMWCA staff, other than Cathy Farrell, while you are on paid administrative leave regarding matters related to your employment or the State Personnel Board investigation.

☐  I accept the reinstatement at the offered salary stated above:
   _____

☐  I decline the position reinstatement offered to me at the WCA.

Date: _____

Sincerely,

*Heather Jordan* (signature)

Heather Jordan
Executive Director

**UNITED STATES POSTAL SERVICE**

March 5, 2025

Dear Megan Aragon:

The following is in response to your request for proof of delivery on your item with the tracking number: **9171 9690 0935 0155 4670 52**.

| Item Details | |
|---|---|
| Status: | Delivered, Left with Individual |
| Status Date / Time: | February 28, 2025, 11:41 am |
| Location: | ALBUQUERQUE, NM 87120 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
|---|---|
| Weight: | 0.2oz |

**Recipient Signature**

Signature of Recipient: *[signature]*

Address of Recipient: 5305 CANADA VISTA PL NW, ALBUQUERQUE, NM 87120

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

# 9171969009350155467052

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to an individual at the address at 11:41 am on February 28, 2025 in ALBUQUERQUE, NM 87120.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Left with Individual**
ALBUQUERQUE, NM 87120
February 28, 2025, 11:41 am

### Out for Delivery
ALBUQUERQUE, NM 87120
February 28, 2025, 8:35 am

### Departed USPS Facility
ALBUQUERQUE, NM 87101
February 28, 2025, 7:33 am

### Arrived at USPS Facility
ALBUQUERQUE, NM 87101
February 27, 2025, 11:41 pm

### Departed Post Office
ALBUQUERQUE, NM 87106

Feedback

February 26, 2025, 4:07 pm

- **USPS in possession of item**
  ALBUQUERQUE, NM 87106
  February 26, 2025, 4:03 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

**Text & Email Updates**

**Return Receipt Electronic**

**USPS Tracking Plus®**

**Product Information**

See Less ∧

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

🇺🇸 UNITED STATES
POSTAL SERVICE

March 5, 2025

Dear Megan Aragon:

The following is in response to your request for proof of delivery on your item with the tracking number: **9171 9690 0935 0155 4670 52**.

| Item Details | |
|---|---|
| Status: | Delivered, Left with Individual |
| Status Date / Time: | February 28, 2025, 11:41 am |
| Location: | ALBUQUERQUE, NM 87120 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
|---|---|
| Weight: | 0.2oz |

### Recipient Signature

Signature of Recipient: *[signature]*

Address of Recipient: 5305 CANADA VISTA PL NW, ALBUQUERQUE, NM 87120

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004