IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,

      **Plaintiff,**

vs.                  No. 1:25-cv-00044-KWR-KK

**HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration**,

      **Defendant.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 2, 2025 at 9:30 AM and was attended by:

Jeff Vescovi, Kennedy, Hernandez & Harrison, P.C. for Plaintiff

Blade Allen, Serpe Andrews for Defendant

## NATURE OF THE CASE

This lawsuit involves claims for injunctive relief and damages under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights, specifically, her rights to Procedural Due Process and Substantive Due Process. Plaintiff claims that Defendant terminated her without affording her a required pre-termination hearing even though Plaintiff had a constitutionally protected property interest in her continued employment as a Workers' Compensation Judge (WCJ). Plaintiff alleges that Defendant's denial of a pre-termination hearing deprived Plaintiff of her Procedural Due Process protections guaranteed by the Fourteenth Amendment's Due Process Clause. Furthermore, Plaintiff claims that her abrupt termination for a minor timesheet error was

*Version 3: December 2009*

so extreme and outrageous that it deprived Plaintiff of her Substantive Due Process protections guaranteed by the Fourteenth Amendment's Due Process Clause.

Defendant claims that Plaintiff failed to amend her timesheet to withdraw previously entered voting leave after Plaintiff failed to vote on Election Day. Defendant claims this infraction was a violation of the Code of Judicial Conduct permitting Defendant to properly terminate Plaintiff. Plaintiff disputes that this was a violation of the Code of Judicial Conduct. The parties dispute the contents and location of a conversation between Plaintiff and Defendant prior to Plaintiff's termination.

Plaintiff seeks preliminary injunctive relief to fully reinstate Plaintiff to her position as a WCJ and maintain the status quo while this suit is pending. Plaintiff also seeks permanent injunctive relief to fully reinstate Plaintiff to her position as a WCJ and to ensure that Defendant continues to comply with Due Process requirements for the duration of Plaintiff's term. Defendant opposes this relief in all forms.

## **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff should be allowed until June 14, 2025, to move to amend the pleadings and until June 14, 2025, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intends to file: No amendments or joinder of parties are contemplated at this time.

Defendant should be allowed until July 7, 2025, to move to amend the pleadings and until the same date to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

# STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Plaintiff was appointed to a five year term as a WCJ in August of 2022.

2. On November 5, 2024 (Election Day), Plaintiff submitted a pre-approval request for two hours of administrative leave for the purpose of voting.

3. On Election Day, Plaintiff drove to a polling location to vote, but she did not vote.

4. At the time, Plaintiff had accrued over 200 hours of annual leave and over 240 hours of sick leave that she could have used to substitute the two hours of administrative voting leave.

5. Defendant ultimately delivered Plaintiff a written notice terminating her employment.

6. Prior to delivering the termination letter, Defendant did not submit a complaint to the State Personnel Board, Defendant did not provide Plaintiff with a hearing, and Defendant did not comply with any other required procedure under the New Mexico Administrative Code in terminating Plaintiff.

7. Defendant Jordan acted under color of state law.

The parties further stipulate and agree that the law governing this case is New Mexico law and federal constitutional law.

# PLAINTIFF'S CONTENTIONS:

On Election Day, November 5, 2024, Plaintiff submitted a pre-approval request for two hours of administrative leave for the purpose of voting. Later that day, she was driven home by a

colleague to obtain her vehicle, drove to a polling location, and found that there was a line. Because Plaintiff was feeling ill, she decided to forgo voting and returned home. Plaintiff intended to correct her timesheet and substitute the two hours of administrative voting leave for two hours of annual leave or sick leave, but Plaintiff forgot to do so due to her numerous administrative responsibilities and busy schedule. At the time, Plaintiff had accrued over 200 hours of annual leave and 240 hours of sick leave. One week later, the Governor's newly appointed Director of the WCA, Heather Jordan, walked into Plaintiff's office and delivered a letter to Plaintiff terminating her employment. According to the letter, Plaintiff's timesheet error amounted to "a violation of the code of judicial conduct," which required Plaintiff "to promote integrity and to 'avoid the appearance of impropriety.'"

By firing Plaintiff, Defendant acted with deliberate indifference to Plaintiff's constitutional and statutory rights. In particular, Defendant failed to follow the statutory, regulatory, and constitutional requirements that Plaintiff was entitled to by way of her position as a WCJ. Most importantly, Plaintiff was denied notice and an opportunity to be heard, a fundamental component of Plaintiff's Procedural Due Process protections.

Defendant stripped Plaintiff of her employment, income, pension, and livelihood over a minor timesheet error. This capricious decision shocks the conscience and clearly violated Plaintiff's Substantive Due Process protections. Based on these constitutional violations, Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees, and costs under 42 U.S.C. § 1983, as well as preliminary injunctive relief fully reinstating her to her position as a WCJ to preserve the status quo until this matter can be set for trial. Plaintiff is also entitled to permanent injunctive relief restoring Plaintiff to her position as a full-time Workers' Compensation Judge and ensuring Defendant's continued compliance with constitutional due process requirements for the duration of Plaintiff's term as a WCJ.

## DEFENDANT'S CONTENTIONS

Plaintiff Riley included two hours of administrative/voting leave on her November 4-8, 2024, timesheet. When the Worker's Compensation Administration conducted an audit to verify each employee who included two hours of administrative/voting leave on their timesheet participated in the 2024 election, it discovered Plaintiff Riley did not. Defendant met with Plaintiff Riley to address the discrepancy. During the meeting, Defendant asked Plaintiff Riley if she did participate in the 2024 election. Plaintiff Riley claimed she did participate. Defendant then asked if Plaintiff Riley could provide proof she voted. After discussing what documents or information might qualify as "proof," Plaintiff Riley determined she could not provide any documents or information showing she participated in the election. At that point, Defendant determined Plaintiff Riley violated the Code of Judicial Conduct which meant Plaintiff Riley could be terminated. Defendant provided Plaintiff Riley with a termination letter.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**Plaintiff's Fact Witnesses:**

At this time, Plaintiff believes that the following persons may either testify or be deposed in this matter:

**Shanon S. Riley**
5305 Canada Vista Pl. NW
Albuquerque, NM 87120
Shanonriley35@gmail.com

Ms. Riley may be called to testify regarding the circumstances of her termination, her decision to enter administrative voting leave, the circumstances underlying her failure to vote on Election Day, the circumstances leading up to and surrounding the submission of her timesheet, details regarding the computation of her damages and other injuries she has sustained, and any other relevant testimony regarding her claims and potential defenses.

**Heather Jordan**
Executive Director

*Version 3: December 2009*

New Mexico Workers' Compensation Administration
2410 Centre Ave. SE
Albuquerque, NM 87106
heather.jordan@wca.nm.gov

Ms. Jordan may be called to testify regarding the circumstances of Plaintiff's termination, her awareness of Plaintiff's performance and tenure at the WCA, any difficulties or personal issues Ms. Jordan encountered with Plaintiff, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

**Robert E. Doucette, Jr.**
(Address unknown)

Mr. Doucette may be called to testify regarding his experience working with Plaintiff, including his evaluation of Plaintiff's performance, interaction with other employees, and the like. As Mr. Doucette reappointed Plaintiff as a WCJ, he may also be called to testify to the circumstances leading to that decision. Mr. Doucette may also be called to offer any other relevant testimony regarding Plaintiff's claims and potential defenses.

**The Honorable Anthony "Tony" Couture**
Chief Workers' Compensation Judge
New Mexico Workers' Compensation Administration
P.O. Box 27198
Albuquerque, NM 87125
Tony.couture@wca.nm.gov

Judge Couture may be called to testify regarding his experience working alongside Plaintiff, including the circumstances of her termination. Judge Couture may also offer testimony on his personal experience working as a WCJ, including working conditions, timesheet entries, administrative responsibilities, at-will employment, and any other relevant information to shed light on Plaintiff's experience as a WCJ. Mr. Doucette may also offer any other relevant testimony regarding Plaintiff's claims and potential defenses.

**Holly Agajanian**
Chief General Counsel
Office of Governor Michelle Lujan Grisham
State Capitol, Room 400
Santa Fe, NM 87501
Holly.agajanian@exec.nm.gov

Ms. Agajanian may be called to testify regarding her interactions with Plaintiff following Plaintiff's termination, any role she or the Governor played in Plaintiff's termination, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

**Catherine Farrell**
Human Resources Manager
New Mexico Workers' Compensation Administration
2410 Centre Ave. SE
Albuquerque, NM 87106
Catherinef.farrell@wca.nm.gov

Ms. Farrell may testify to any interactions she had with Plaintiff, including the circumstances surrounding and following Plaintiff's termination, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

**Pauline Gurule-Sers**
Human Resources Assistant
New Mexico Workers' Compensation Administration
2410 Centre Ave. SE
Albuquerque, NM 87106

Ms. Gurule-Sers may testify to the circumstances surrounding Plaintiff's termination, Plaintiff's failure to correct her timesheet, general issues with the SHARE system, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

**Stephanie Rice**
Human Resources Assistant
New Mexico Workers' Compensation Administration
2410 Centre Ave. SE
Albuquerque, NM 87106

Ms. Rice may testify to the circumstances surrounding Plaintiff's termination, Plaintiff's failure to correct her timesheet, general issues with the SHARE system, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

Plaintiff has endeavored to identify all known witnesses at this time but may through discovery identify additional witnesses that may be called to testify regarding the subject of this lawsuit.

**Plaintiff's Documents:**

1. Signed Letter of Termination

2. Notice of Appeal of Termination

3. State Personnel Board's Order Dismissing Notice of Appeal of Termination

4. State Personnel Board's Order Granting Motion to Dismiss Complaint Filed Against Shanon S. Riley (Doc. 14-1, filed Mar. 4, 2025)

5. August 2022 Letter of Reappointment

Any other relevant documents obtained from Defendant's initial disclosures and other written discovery.

**Plaintiff's Expert Witnesses:**

At this time, Plaintiff does not anticipate retaining expert witnesses in this litigation. In the event that Plaintiff determines an expert witness is necessary, Plaintiff reserves the right to retain expert witnesses at that time and will supplement as necessary.

**Defendant's Witnesses:**

1. **Heather Jordan**
   Executive Director
   New Mexico Workers' Compensation Administration
   c/o Serpe Andrews, PLLC
   Cody R. Rogers and Blade M. Allen
   2540 El Paseo Road, Suite D
   Las Cruces, NM 88001
   Tel. (575) 288-1453
   crogers@serpeandrews.com
   ballen@serpeandrews.com

   Ms. Jordan may be called to testify regarding the circumstances of Plaintiff's termination, her awareness of Plaintiff's performance and tenure at the WCA, any difficulties or personal issues Ms. Jordan encountered with Plaintiff, and any other relevant testimony regarding Plaintiff's claims and potential defenses.

2. **Shanon S. Riley**
   5305 Canada Vista Pl. NW
   Albuquerque, NM 87120
   c/o Kennedy, Hernandez & Harrison, P.C.
   Jeff Vescovi
   201 12th St. NW
   Albuquerque, NM 87102
   jvescovi@kennedyhernandez.com

   Plaintiff may be called to testify regarding the circumstances of her termination including the meeting she had with Defendant, her decision to enter administrative voting leave, the circumstances underlying her failure to vote on Election Day, her timesheet details, and any other relevant testimony regarding her claims and potential defenses.

3. Individuals identified in Plaintiff's Complaint.

4. Individuals identified in other reports and/or investigations involving Plaintiff.

5. Persons identified in discovery.

6. Any expert witnesses retained and identified by any party.

7. Any individuals identified by any party.

8. Such records custodians and other witnesses as may be necessary to establish, authenticity, foundation, or other requirements for the admission of evidence.

9. Such additional witnesses as may be identified through discovery and continuing investigation.

10. Rebuttal and/or impeachment witnesses whose identities cannot be anticipated at this time.

**Defendant's Documents:**

1. Plaintiff Riley's personnel file from the Worker's Compensation Administration.

2. Bernalillo County Voting Records from the 2024 Election

3. Any documents Plaintiff listed.

4. Any documents produced in discovery.

5. Any documents necessary for witness impeachment.

**Defendant's Expert Witnesses:**

Defendant does not anticipate retaining expert witnesses in this litigation. In the event Defendant determines an expert witness is necessary, she reserves the right to retain expert witnesses at that time and will disclose their identities as required under the Federal Rules of Civil Procedure and the Court's Order.

---

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff and 10 by Defendant(s).

Each deposition is limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

At this time, Plaintiff does not anticipate retaining expert witnesses in this litigation. In the event that Plaintiff determines an expert witness is necessary in the future, Plaintiff reserves the right to retain expert witnesses at that time and will supplement as necessary.

Defendant will disclose any rebuttal experts within thirty (30) days from the date Plaintiff discloses any testifying expert's identity and information.

Supplementation under Rule 26(e) due in a timely manner in accordance with the Rule.

All discovery commenced in time to be complete by Friday, October 17, 2025.

Other Items: None.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Preliminary Injunction (filed Jan. 14, 2025); Motion for Summary Judgment (partial or otherwise); and other motions as warranted.

Defendant intends to file motions for partial and summary judgment as well as other dispositive motions.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days.

__X__ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference after a ruling on Plaintiff's Motion for Preliminary Injunction.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the Court's ruling on Plaintiff's Motion for Preliminary Injunction. The parties request a settlement conference after a ruling on Plaintiff's Motion for Preliminary Injunction.

## EXCEPTIONS

None.

APPROVED WITHOUT EXCEPTIONS

*/s/ Jeffrey D. Vescovi*
Jessica M. Hernandez
Paul J. Kennedy
Elizabeth A. Harrison
Jeffrey D. Vescovi
Kennedy, Hernandez & Harrison, P.C.
201 Twelfth Street Northwest
Albuquerque, NM 87102
jhernandez@kennedyhernandez.com
pkennedy@kennedyhernandez.com
eharrison@kennedyhernandez.com
jvescovi@kennedyhernandez.com

*Attorneys for Plaintiff Shanon S. Riley*

*/s/ Blade M. Allen*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant***