IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANNON S. RILEY,

       Plaintiff,

vs.                                                No. 1:25-cv-00044-KWR-KK

HEATHER JORDAN *in her individual
and official capacities as the
Director of the New Mexico Workers'
Compensation Administration*,

       Defendant.

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AND STAY

THIS MATTER comes before the Court based on Defendant's Partial Motion to Dismiss Without Prejudice and Motion to Stay Pending Administrative Proceedings and the associated briefing (**doc. 7; doc. 12; doc. 15**). Having considered the parties' briefing and applicable law, the Court finds that Defendant's Motion is **not well taken** and is therefore **DENIED**.

### BACKGROUND

Plaintiff served as a Workers' Compensation Judge (WCJ) for the New Mexico Worker's Compensation Administration (WCA) from her appointment on August 20, 2011, to her termination on November 13, 2024. **Doc. 2 at 1–2**. This action arises from the events leading to her termination, beginning on November 5, 2024. *Id.*

On Election Day, November 5, 2024, Plaintiff submitted a pre-approval request for two hours of administrative leave for the purpose of voting. *Id.* at 2. While she arrived at the polls, Plaintiff ultimately did not vote because there was a line and because she was sick. *Id.* Plaintiff was aware that she needed to make corrections to her timesheet and intended to make the corrections. the following morning on November 7, 2024. *Id.* Prior to the commencement of this

1

action, Plaintiff had over 200 hours of annual leave and over 240 hours of sick leave, which she could have substituted, or alleges that she alternatively could have removed the two hours of as she had already worked a significant number of hours that day. *Id.* The WCA office was closed on November 7 due to inclement weather, and Plaintiff did not have access to her laptop. *Id.* She alleges that as a result of these events, she "simply forgot to edit her timesheet." *Id.*

On November 12, 2024, Governor Michelle Lujan Grisham appointed Defendant Heather Jordan as the new Director of the WCA. *Id.* Defendant fired Plaintiff on November 13, 2024, alleging that she had committed time fraud and had thus violated the Code of Judicial Conduct by entering two hours of voting leave into her timesheet and failing to vote. According to the letter, "[s]uch conduct is a violation of the code of judicial conduct, which requires you to promote integrity and to 'avoid impropriety and the appearance of impropriety.'" *Id.*

Plaintiff filed suit on January 14, 2025 seeking injunctive relief and damages under 42 U.S.C. §1983 for civil rights violations, including being deprived of her property interest in her employment without due process of law. **Doc. 1**. At the time of the initial lawsuit, Defendant had not submitted a complaint about the events to the State Personnel board. **Doc. 7 at 2**. On February 4, 2025, the Workers' Compensation Administration subsequently submitted a complaint to the State Personnel Board, in accordance with Section 52-5-2(C) and New Mexico Administrative Code, 1.7.12.25. *Id.* On March 4, 2025, the Board granted Plaintiff's motion and filed an Order of Dismissal dismissing the WCA's complaint for lack of jurisdiction. **Doc. 14-1**.

Defendant offered Plaintiff a modified form of reinstatement on February 6, 2025. **Doc. 7-2**. The offer involved being reinstated to her former position as a Workers' Compensation Judge and placed on paid administrative leave pending the outcome of the State Personnel Board proceedings. *Id.* It also departed from Plaintiff's original employment in that it made her an at-

will employee serving at the pleasure of the Governor, rather than subject to firing only for violations of the judicial code of conduct. *Id.*; **doc. 10 at 2**. Plaintiff rejected the modified offer on February 14, 2025. **Doc. 10-1.** Plaintiff asserted that it varied substantively from her original employment and that its restrictions on communication violated her First Amendment right to freedom of speech.

Defendant gave Plaintiff an updated offer of reinstatement on February 26, 2025, that would still place her on administrative leave until the completion of proceedings but changed the at-will employee language to render Plaintiff able to be fired only in cases of violations of the code of judicial misconduct. **Doc. 18-1**. Plaintiff rejected the offer on the grounds that it continued to violate her First Amendment right to freedom of speech and still did not restore the status quo. **Doc. 18-2**. Defendant now contends that Plaintiff's second rejection renders her responsible for her ongoing unemployment and moots her cause of action. **Doc. 15 at 1**. Plaintiff maintains that she is entitled to a preliminary injunction and that the Court should not grant Defendant's motion to dismiss. **Doc. 12 at 1**.

## LEGAL STANDARD

1. *12(b)(1) motions to dismiss.*

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. United States Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). In addressing a factual challenge, "the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to . . . other documents

. . . to resolve the disputed jurisdictional facts under Rule 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).[1]  Defendant mounts a factual challenge.  **Doc. 7.**

2. <u>Younger *abstention.*</u>

Federal courts should not interfere with pending state judicial proceedings absent extraordinary circumstances.  *Younger v. Harris,* 401 U.S. 37 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state court proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Amanatullah v. Colorado Bd. of Medical Examiners*, et al., 187 F.3d 1160, 1163 (10th Cir. 1999).  The doctrine of *Younger* abstention is a mandatory one—the case *must* be dismissed if it meets all three conditions.  *Id.*  "*Younger* abstention is jurisdictional" and should be addressed "at the outset because a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

---

[1] Neither party requests that the Court convert this matter to summary judgment under Fed. R. Civ. P. 56.

# ANALYSIS

The parties have both filed motions now ripe for consideration: Plaintiff's Motion for a Preliminary Injunction, **doc. 2**, and Defendant's Motion to Dismiss and to Stay. **Doc. 7**. Defendant argues that the portion of Plaintiff's Complaint seeking injunctive relief in the form of reinstatement is moot. **Doc. 8 at 6**. Defendant also argues that the Court should stay its proceedings until termination of the administrative proceedings. *Id.* The Court considers Defendant's Motion to Dismiss below.

### I. *Younger* abstention is inapplicable because there are no ongoing state proceedings.

Defendant requests in her motion that the Court abstain from deciding any existing claims until the state administrative proceedings have concluded in compliance with *Younger* abstention. However, *Younger* abstention is not at issue because the proceedings concluded on March 4, 2025.

*Younger* abstention requires that a federal court abstain from granting equitable relief, such as an injunction, where there are ongoing state proceedings. *Rienhardt*, 164 F.3d at 1302. This includes an ongoing administrative proceeding. *Amanatullah*, 187 F.3d at 1163. However, that proceeding *must* be *ongoing*. Where a state administrative proceeding has reached its conclusion with a final order and the timeframe to appeal that order has run, both this district and the Tenth Circuit consider that administrative proceeding to have concluded. *Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) ("Ordinarily, a state proceeding ends when the time for appeal has run."); *see also Ree-Co Uranium L.P. v. New Mexico Mining Comm'n*, No. 9-CV-881 WJ/ACT, 2010 WL 11601188, at *2 (D.N.M. Apr. 29, 2010) (finding that an administrative proceeding had concluded where an appeal was not possible).

New Mexico's Personnel Board reviews termination of WCJ's. NM State § 52-5-2(C) ("Any complaints against a workers' compensation judge shall be filed with the state personnel board...."). Aggrieved parties may appeal a Personnel Board decision to the New Mexico district

courts within thirty days of the date of filing of the final decision. NM Stat § 10-9-18(G) (2024) ("A party aggrieved by the decision of the board made pursuant to this section may appeal the decision to the district court pursuant to the provisions of Section 39-3-1.1 NMSA 1978."); NM Stat § 39-3-1.1 (C) ("Unless standing is further limited by a specific statute, a person aggrieved by a final decision may appeal the decision to district court by filing in district court a notice of appeal within thirty days of the date of filing of the final decision.").

The New Mexico Personnel Board dismissed Defendant's Complaint against Plaintiff for lack of jurisdiction on March 4, 2025. **Doc. 14-1 at 2**. Because Defendant had already terminated Plaintiff when Defendant filed the complaint with the Board, the Board lacked jurisdiction to hear a complaint about someone not considered New Mexico personnel. *Id.* Per New Mexico law, Defendant had thirty days from the entrance of that order to appeal the decision. NM Stat § 39-3-1.1 (C). Thirty days have since lapsed. To the Court's knowledge, Defendant has not done so, and indeed failed to address the Personnel Board's disposition of the matter in her most recent briefing. **Doc. 15** (filed March 5, 2025). The Court will therefore consider the state proceedings to have come to their natural and final conclusion. *Hunter*, 660 F. App'x at 715 ("Although the Court has not squarely extended this exhaustion principle to preceding state administrative proceedings, it has assumed without deciding "that an administrative adjudication and the subsequent state court's review of it count as a 'unitary process' for *Younger* purposes."); *ETP Rio Rancho Park, LLC v. Grisham*, 564 F. Supp. 3d 1023, 1071 (D.N.M. 2021) ("Because Elevate Trampoline received a final decision on its appeal of the Notice of Contemplated Action that the NMDOH issued, Elevate Trampoline's state proceedings have concluded and are no longer ongoing."). *Younger* abstention cannot apply where there are no ongoing proceedings with which the federal court might interfere. *Amanatullah*, 187 F.3d at 1163.

*Younger* abstention is therefore not at issue. The Court will proceed with considering each parties' requests in turn below.

## II. **Plaintiff's claims for injunctive relief are not moot.**

Next, Defendant contends that Plaintiff's claims for injunctive relief are moot because Plaintiff has received the relief that she sought: reinstatement. However, Plaintiff's claims are still live because she has not received the precisely requested remedy.

Article III, Section 2 of the United States constitution limits federal courts' jurisdiction to actual cases and controversies. Federal courts cannot decide questions that do not affect the rights of litigants before them. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971)); *Johansen v. City of Bartlesville, Okla.,* 862 F.2d 1423, 1426 (10th Cir.1988); *Johnson v. Riveland,* 855 F.2d 1477, 1480 (10th Cir.1988). This means that there must be an actual controversy at all stages of review, not solely at the time the plaintiff files their complaint. *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 67 (1997); *Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1121 (10th Cir. 2010). Where the issues are no longer live or parties no longer have a legally cognizable interest in the outcome, the case becomes moot, and the court no longer has jurisdiction. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979); *Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1227–28 (D.N.M. 2011). "The crucial question is whether 'granting a present determination of the issues offered ... will have some effect in the real world.'" *Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1256 (10th Cir. 2004) (internal citations omitted).

A due process claim is not moot where the plaintiff has not received the precise remedy they have requested. *Veal v. Jones*, 349 F. App'x 270, 272 (10th Cir. 2009) ("Here, Veal has already received the precise remedy he has requested. . . his claim is now moot."); *ETP Rio Rancho Park, LLC v. Grisham*, 564 F. Supp. 3d 1023, 1059–60 (D.N.M. 2021)("The Court has concluded that a due process claim is not moot where the plaintiff does not receive the precise remedy which

7

he has requested."). For example, where a party seeks reinstatement and punitive and back-pay damages, but only receives reinstatement, the claims for damages are still live because the plaintiff has not received the full remedy sought. *Salazar*, 776 F.Supp.2d at 1235–36; *c.f. Taylor v. Franklin,* 264 Fed.Appx. 764, 766 (10th Cir. 2008) (holding that a prisoner's due-process claim was rendered moot when a state appellate court granted him the relief he sought); *Brown v. Wyo. Dep't of Corrs. State Penitentiary,* 234 Fed.Appx. 874, 877 n. 1 (10th Cir. 2007) ("[A]lleged violations of due process in the first disciplinary hearing were mooted by Brown's success in having his initial charges vacated.").

Defendant argues that Plaintiff has already been reinstated and granted due process via administrative review, thus restoring the status quo, granting her the relief she sought, and mooting the claims for injunctive relief. **Doc. 7 at 6; Doc. 7-2** (offer of reinstatement). However, Plaintiff has not accepted the offer of reinstatement. Defendant argues that this renders Plaintiff's continued harm self-inflicted. **Doc. 15 at 1.** Specifically, Defendant argues that Plaintiff continues to move the target for what her desired remedy is because Defendant believes Plaintiff sought "reinstatement to her position as a Workers Compensation Judge pending the resolution of the administrative proceeding contemplated in the New Mexico statutes and administrative code provisions governing the employment of Workers' Compensation Judges." **Doc. 15 at 3 (citing Doc. 1 at ¶¶62, 67)**. However, Defendant's characterization of Plaintiff's requested remedy misstates the text of the Complaint. Plaintiff does not request reinstatement pending the resolution of administrative proceedings but pending *these* proceedings. **Doc. 1 at ¶67**. Plaintiff has not moved the target, as Defendant alleges, but rather has maintained her request from the filing of her Complaint and Motion for Preliminary Injunction. **Doc. 1; Doc. 2**.

Moreover, the offer does not fully ameliorate the wrong that Plaintiff's requested injunction would remedy. It is true that Defendant corrected the error in the first offer that would have made Plaintiff an at-will employee, which counsels towards finding mootness. **Doc. 15.** However, Defendant still has not reinstated Plaintiff in her entirety. **Doc. 18-1**. Rather, Defendant sought to place Plaintiff on administrative leave and restrict her access to her colleagues. *Id.* This is not the relief Plaintiff has sought; Plaintiff has sought full reinstatement in compliance with her previous terms of employment as laid out in NM State § 52-5-2(C) pending the resolution of these federal proceedings. **Doc. 1 at ¶¶60–67**. Plaintiff made no alternative request, and the Court will not infer one. *See Mika v. Brisco*, No. CV 20-346 MV/KK, 2023 WL 2456650, at *1 (D.N.M. Mar. 10, 2023) (finding that a request for an unredacted document is moot because the complaint sought either the redacted document or the unredacted document). Plaintiff also seeks reinstatement that allows her to fully communicate with her colleagues, which she has yet to receive. **Doc. 18-2**.

Defendant alleges that "plaintiff's decision to reject reinstatement because it did not meet every condition that she preferred has broken the causal link between Defendant's action and any ongoing harm she claims to be suffering." **Doc. 15 at 4**. The Court cannot locate any binding law suggesting that a plaintiff moots their due process claim by not accepting anything less than their entire requested relief. However, even if Plaintiff had accepted the offer, she would remain without her entire requested remedy, which is full reinstatement pending the resolution of this case, not solely the administrative proceedings. **Doc. 1 at ¶67**. Where a plaintiff receives less than the complete relief they seek, that claim is not moot. *Salazar*, 776 F. Supp. 2d at 1234; *Hood v. Com. Enters.*, No. CV 23-1024 JB/JFR, 2024 WL 5119233, at *1 (D.N.M. Mar. 21, 2024) (same).

Because Defendant still has not issued an offer that complies fully with Plaintiff's requested relief as she has sought throughout the entire action, Plaintiff's claims for preliminary and permanent injunctive relief are not moot.

## CONCLUSION

Defendant has not shown that Plaintiff's claims for preliminary and permanent injunctive relief are moot and that the Court is thus without subject matter jurisdiction to decide them. Moreover, there are no pending administrative proceedings, negating any issue under *Younger*. **IT IS THEREFORE ORDERED THAT** Defendant's Partial Motion to Dismiss Without Prejudice and Stay Pending the Administrative Proceedings **(Doc. 7)** is **DENIED.**

                                                  /S/_____
                                              KEA W. RIGGS
                                              UNITED STATES DISTRICT JUDGE