## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,

      Plaintiff,

v.                                  No. 1:25-cv-00044-KWR-KK

HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,

      Defendant.


## DEFENDANT'S EMERGENCY MOTION
## FOR STAY PENDING APPEAL OR CLARIFICATION

Defendant Heather Jordan, in her individual and official capacities, by and through her counsel of record, hereby move for this Court to immediately stay its May 9, 2025, Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 26) pending appeal or, alternatively, clarify that Plaintiff may be placed on paid administrative leave while the State Personnel Board considers Defendant's complaint so long as Plaintiff receives adequate pre-deprivation due process.[1]

### Introduction

Plaintiff, a New Mexico workers' compensation Judge, came to this Court alleging that Defendant violated her due process when she dismissed Plaintiff for time fraud (after providing Plaintiff with notice and an albeit brief opportunity to be heard) because Defendant did not comply with a state statute and administrative code requiring that "complaints" against workers

---

[1] Defendant requested Plaintiff's position on this motion; however, she did not receive a response. Therefore, Defendant presumes Plaintiff's opposition.

compensation judges be heard by the State Personnel Board. Despite her disagreement with Plaintiff's reading of state law, Defendant subsequently offered to reinstate Plaintiff, initiate the State Personnel Board proceedings, and place her on paid administrative leave in the interim. Plaintiff rejected this offer and dismissed the very proceedings she demanded on the erroneous and unexplained bases that she was entitled to actively serve as a judge and have unfettered access to coworkers while the State investigated her time fraud. The Court agreed and issued a preliminary injunction forcing Defendants to reinstate Plaintiff as an active judge during the pendency of these proceedings.

Respectfully, the Court got it wrong. Defendant's initiation of the State Personnel Board proceedings and reinstatement of Plaintiff with paid administrative leave clearly mooted any need for prospective relief, let alone an extraordinary and disfavored preliminary injunction. Contrary to Plaintiff's claims, placing her on paid administrative leave while the State Personnel Board investigates her time fraud "does not raise due process concerns." *Hicks v. City of Watonga, Okl.*, 942 F.2d 737, 746 n.4 (10th Cir. 1991) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544-45 (1985)), and Plaintiff has no First Amendment right to talk to her coworkers about her employment or the ongoing investigation. Defendant, therefore, has a strong likelihood of overturning the preliminary injunction on appeal. Additionally, the State and the public will be irreparably harmed if this Court forces Defendant to reinstate Plaintiff as an active judge while she is being investigated for time fraud—only for her to possibly be subsequently placed back on administrative leave and dismissed depending on the outcome of the State Personnel Board proceedings. In contrast, Plaintiff will suffer no harm in being placed on paid administrative leave while she obtains the very process she claims was due.

Given the forgoing, Defendant respectfully requests the Court immediately stay its preliminary injunction. Alternatively, the Court should clarify that the injunction does not prevent Defendant from placing Plaintiff on paid administrative leave pending the State Personnel Board's adjudication of the complaint against her so long as Plaintiff receives adequate pre-deprivation due process.

## **Background**

Plaintiff, who was serving as a Workers' Compensation Judge in the New Mexico Workers Compensation Administration ("WCA"), took two hours of voting leave to vote in the November 5, 2024, election. (Doc. 2 at 1-2) But Plaintiff never actually voted. *Id.* at 2 Instead of correcting her time sheet, she certified that her use of voting leave was true and accurate. *Id.* On November 13, 2024, Defendant discovered that Plaintiff had not, in fact, voted, and therefore committed time fraud. *Id.* That same day she asked Plaintiff if she had actually voted on Election Day. *Id.* Plaintiff admitted that she did not but asserted that she simply "forgot to edit her timesheet." *Id.* Defendant then handed her a letter terminating her employment for "violating the code of judicial conduct, which requires [Plaintiff] to promote the integrity and to 'avoid impropriety and the appearance of impropriety." *Id.*

On January 14, 2025, Plaintiff filed the instant suit claiming that Defendant violated her procedural and substantive due process rights when she terminated Plaintiff without first going through the process set out in NMSA 1978, § 52-5-2(C) (2004), and the New Mexico Administrative Code, 1.7.12.25. (Doc. 1) Plaintiff requested, *inter alia*, a disfavored preliminary injunction, based on the alleged procedural due process violation, ordering Defendant to "reinstate Plaintiff to her position as a Workers' Compensation Judge pending resolution of this case on the merits." (Doc. 2 at 10)

On February 4, 2025, the WCA submitted a complaint about Plaintiff's time fraud and corresponding violation of the code of judicial conduct to the State Personnel Board, in accordance with Section 52-5-2(C) and New Mexico Administrative Code, 1.7.12.25. (Doc. 8-1)[2] The WCA additionally offered Plaintiff a modified form of reinstatement on February 6, 2025, in which she would be placed on *paid administrative leave* pending the outcome of the State Personnel Board proceedings. (Doc. 8-2) The offer inadvertently contained the standard "governor exempt" boilerplate language typically contained in similar forms that provided: "as an at-will exempt employee, you will serve at the pleasure of the Office of the Governor." *Id.* It also specified that Plaintiff was "not to contact any member of the [WCA] staff, other than Cathy Farrell, while [she is] on paid administrative leave." *Id.*

On February 6, 2025, Defendant filed a response to the Motion, arguing among other things that Plaintiff's claims for injunctive relief were moot because she was going to be reinstated with pay and given the process she desired and that the Court should abstain under the *Younger* abstention doctrine given the then-ongoing proceedings in front of the State Personnel Board. (Doc. 8) Defendant also pointed out that Plaintiff's request to be fully reinstated as a WCA judge while the State Personnel Board proceedings play out "goes beyond any procedural protections afforded by New Mexico law, which does not prohibit putting plaintiff on administrative leave pending the State Personnel Board's hearing process." *Id.* at 9 n.4. For these same reasons, Defendant also filed a partial motion to dismiss without prejudice and stay, asking the Court to dismiss Plaintiffs' injunctive and declaratory claims without prejudice and stay her claims for

---

[2] In undertaking these actions, Defendant in no way concedes that the initial termination of plaintiff without first following this specific procedure—which is designed for handling complaints from members of the public—was improper. *See Roberts v. Winder*, 16 F.4th 1367, 1380 (10th Cir. 2021); *West v. Grand Cnty.*, 967 F.2d 362, 368 (10th Cir. 1992). Rather, this was simply done out of an abundance of caution.

damages pending the State Personnel Board's resolution of the WCA complaint. (Doc. 7; *id.* at 2 (incorporating arguments in response to preliminary injunction))

On February 14, 2025, Plaintiff rejected Defendant's offer of reinstatement, asserting that it varied substantively from her original employment and that its restrictions on communication violated her First Amendment right to freedom of speech. (Doc. 10-1; Doc. 10-2). On February 17, 2025, Plaintiff filed a motion to dismiss with the State Personnel Board, requesting that the WCA complaint be dismissed because she is no longer an employee since she rejected the offer of reinstatement. (Doc. 10 at 5 n.2)[3] The following day, Plaintiff filed a reply in support of her motion for a preliminary injunction, arguing that *Younger* abstention did not apply and her claims were not moot since she had rejected the offer of reinstatement. (Doc. 10) Plaintiff also responded to Defendant's motion to dismiss with the same arguments. (Doc. 12)

On February 26, 2025, the WCA sent Plaintiff an updated offer of reinstatement. (Doc. 15 at 8-12) The updated offer of reinstatement was substantively identical to the first except that the erroneous "at-will" language was replaced with: "As a Workers Compensation Judge, and pursuant to NMSA 1978, Section 52-5-2(C), you are subject to dismissal prior to the expiration of your term of appointment for violations of the Code of Judicial Conduct, except canon 21-900." (Doc. 15 at 8) The updated offer of reinstatement also clarified that Plaintiff was "not to contact any member of the [WCA] staff, other than Cathy Farrell, while you are on paid administrative leave *regarding matters related to your employment or the State Personnel Board investigation*." *Id.* (emphasis added).

---

[3] The State Personnel Board subsequently granted Plaintiff's motion to dismiss on the basis that she is no longer a WCA judge and therefore the Board lacked jurisdiction on March 4, 2025. (Doc. 14-1)

On March 5, 2025, Defendant filed her reply in support of her partial motion to dismiss and stay. (Doc. 15) Defendant pointed out that Plaintiff had not responded to the WCA's updated offer of reinstatement as of the time of filing. *Id.* at 1. Accordingly, Defendant argued, Plaintiff's refusal to accept reinstatement with paid administrative leave and her affirmative dismissal of the State Personnel Board proceedings broke the causal link between Defendant's actions and Plaintiff's purported injury—defeating her Article III standing. *Id.* at 2-4. On April 8, 2025, the Court issued a notice stating: "It is in the record that Plaintiff has rejected Defendant's initial offer, but the Court has no evidence indicating whether Plaintiff has accepted or rejected Defendant's new offer, which bears directly on the merits of both parties' motions." (Doc. 17) The Court ordered the parties to supplement the record with evidence as to whether Plaintiff has accepted or rejected Defendant's new offer of reinstatement. *Id.* Plaintiff subsequently filed a notice confirming that Plaintiff rejected the updated offer of reinstatement on the grounds that it allegedly "continued to violate Plaintiff's freedoms of speech and association and failed to preserve the status quo by fully reinstating Plaintiff to her position as a WCJ." (Doc. 18)

On May 9, 2025, the Court granted Plaintiff's request for a preliminary injunction and denied Defendant's motion for a partial dismissal and stay. (Doc. 26; Doc. 27) The Court found that Plaintiff had protected interest in "continued employment" and that she was likely to succeed on her procedural due process claim because she "received no notice or opportunity to respond prior to her termination." (Doc. 26 at 7-9)[4] Accordingly, the Court ordered Defendant to "reinstate

---

[4] To support this, the Court cited Defendant's stipulation that "[p]rior to delivering the termination letter, Defendant did not submit a complaint to the State Personnel Board, Defendant did not provide Plaintiff with a hearing, and Defendant did not comply with any other required procedure under the New Mexico Administrative Code in terminating Plaintiff." *Id.* at 9. However, Defendant's stipulation that "she did not provide Plaintiff with a hearing" was meant in the sense that she did not provide Plaintiff with the hearing outlined in the New Mexico Administrative Code—not an informal "hearing" in the general due process sense. Defendant maintains that her

Plaintiff to her position as a WCJ as she served prior to her termination pending the resolution of this case on the merits." *Id.* at 15. The Court also denied Defendant's partial motion to dismiss and stay because Plaintiff successfully had the State Personnel Board proceedings dismissed and it found that Plaintiff's claims were not moot since she rejected Defendant's offer of reinstatement. (Doc. 27) The Court specifically concluded that Plaintiff's rejection of the offer of reinstatement did not defeat her Article III standing because the offer did not give her "the precise remedy she requested"—full reinstatement as an active WCA judge without being placed on paid administrative leave for the duration of the federal case. *Id.* at 7-10. Defendants filed a notice of appeal of the preliminary injunction concurrently with this motion.

## Argument & Authorities

### A. Standard of review

"Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay." *Sec. USA Servs., LLC v. Invariant Corp.*, 2023 WL 5055060, at *1 (D.N.M. July 28, 2023) (Riggs, J.) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

### B. Defendant has a strong likelihood of succeeding on appeal because Plaintiff rejected the State Personnel Board proceedings and her offer of reinstatement— which gave her all the due process she was possibly entitled

---

meeting with Plaintiff was sufficient to satisfy pre-deprivation due process. *See Roberts*, 16 F.4th at 1380; *West*, 967 F.2d at 368.

Defendant offered Plaintiff all the due process to which she was entitled, and her refusal to accept it negates her standing and entitlement to a preliminary injunction. The crux of Plaintiff's entire case against Defendant is that Defendant allegedly violated Plaintiff's procedural due process rights when Defendant terminated her without going through the administrative process outlined in Section 52-5-2(C) and 1.7.12.25 NMAC. (Doc. 1) Section 52-5-2(C) provides, in relevant part:

> A workers' compensation judge shall be required to conform to all canons of the code of judicial conduct as adopted by the supreme court, except canon 21-900 of that code. Violation of those canons shall be exclusive grounds for dismissal prior to the expiration of his term. Any complaints against a workers' compensation judge shall be filed with the state personnel board, which shall report its findings to the director.

1.7.12.25 NMAC, in turn, sets out the specific procedures that the State Personnel Board follows when adjudicating a complaint against a WCA judge.

While Defendant continues to dispute whether she was required to file a complaint with the State Personnel Board before dismissing Plaintiff, *see supra* notes 2-3, she voluntarily decided to reinstate Plaintiff shortly after this action was filed and initiate the process set out in out 1.7.12.25 NMAC of an abundance of caution—which would indisputably moot Plaintiff's procedural due process claim to the extent any prospective relief was requested. *See Romero v. Kaiser*, 2023 WL 2351652, at *2 (N.D. Cal. Mar. 3, 2023) (finding procedural due process claim moot after government provided plaintiff with the hearing that he sought in his claim); *Ginorio v. Contreras*, 409 F. Supp. 2d 101, 108 (D.P.R. 2006) (observing that the provision of the requested hearing mooted any need for a preliminary injunction); *see generally Winters v. Bd. of Cnty. Com'rs*, 4 F.3d 848, 856 (10th Cir. 1993) ("The deprivation of procedural due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures." (citing *Zinermon v. Burch*, 110 S. Ct. 975, 983-84 (1990)). Importantly, the updated offer of

reinstatement letter specified that Plaintiff would be on ***paid administrative leave*** and would only be "subject to dismissal prior to the expiration of your term of appointment for violations of the Code of Judicial Conduct, except canon 21-900." (Doc. 18-1) It also clarified that Plaintiff was only prohibited from speaking to WCA staff members while she was on paid administrative leave "regarding matters related to your employment or the State Personnel Board investigation." *Id.*

Despite receiving this offer of reinstatement placing her on paid administrative leave while she receives the process she claims she was due pursuant to Section 52-5-2(C) and 1.7.12.25 NMAC, Plaintiff dismissed the State Personnel Board process, rejected the reinstatement as inadequate, and asserted she was still entitled to a disfavored preliminary injunction. (Doc. 18) Plaintiff claimed the offer was inadequate because it did not allow her to resume all of her duties as a WCA judge. *Id.* In other words, Plaintiff claimed that she had a due process right to not be placed on paid administrative leave while the State Personnel Board is investigating her for violations of the code of judicial conduct. But Plaintiff never provided any authority to support this argument. Nor could she have. As the Tenth Circuit has observed, "***Suspension with pay does not raise due process concerns***." *Hicks*, 942 F.2d at 746 n.4 (citing *Loudermill*, 470 U.S. at 544-45) (emphasis added); *Shively v. Utah Valley Univ.*, 2022 WL 1021614, at *3 (10th Cir. Apr. 6, 2022) (same); *see also O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005) (noting that "no court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties") (Doc. 8 at 9 n.4 (explaining that nothing "prohibit[ed] putting plaintiff on administrative leave pending the State Personnel Board's hearing process"). Thus, the fact that Plaintiff could not act as a WCA judge while the State Personnel Board investigated her time fraud did not render the offer of reinstatement constitutionally inadequate.

Plaintiff also claimed she rejected the offer of reinstatement because it purportedly violated her first amendment rights by not allowing her to speak freely to everyone at the WCA. (Doc. 18) While Plaintiff never explained why this was, Defendant provided this Cout with authority demonstrating that it is permissible to prevent public employees from talking to other public employees about matters relating to their employment and investigations. (Doc. 15 at 2 n.1 (citing *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178 (E.D.N.Y. 2009); *Brady v. Dammer*, 573 F.Supp.2d 712, 724-25, 730 (N.D.N.Y.2008); *McDaniel v. Quick*, 2010 WL 2889026, at *6 (D.S.C. June 1, 2010), *report and recommendation adopted*, 2010 WL 2889024 (D.S.C. July 22, 2010))). If Plaintiff believed otherwise, it was incumbent on her to provide this Court with authority to the contrary given her burden in requesting a disfavored and extraordinary form of relief. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) ("[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." (cleaned up)).

In sum, Plaintiff had no grounds to reject Defendant's offer of reinstatement and initiation of the State Personnel Board proceedings—which remedied the very injuries she claimed when she filed suit. Accordingly, her rejection breaks any causal connection between Defendant's actions and her purported injury and she, therefore, does not have standing to seek preliminary injunctive relief against Defendant. *See Pennsylvania v. New Jersey*, 426 U.S. 660, 664 ("No [party] can be heard to complain about damage inflicted by its own hand."); *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982) ("[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them. Because the procedural protections existed, the state cannot be accused of withholding them in a section 1983 suit."); (Doc. 15 at 4 (making same argument)). It follows that Defendant has a

strong likelihood of succeeding in her appeal of the Court's preliminary injunction since Plaintiff

fails to show a strong likelihood of success for her disfavored preliminary injunction. *Cf. Church*

*v. Polis*, 2022 WL 200661, at *11 (10th Cir. Jan. 24, 2022) ("[P]laintiffs lack standing and therefore

fail to make the requisite strong showing of a substantial likelihood of success on the merits of

their claims[.]").

### B. The State will be irreparably harmed absent a stay, and the public interest weighs in favor of granting a stay

It cannot be gainsaid that the State of New Mexico has a vital interest in maintaining the

integrity of its judiciary. *See Williams-Yulee v. Florida Bar*, 575 U.S. 433, 445 (2015) ("We have

recognized the vital state interest in safeguarding public confidence in the fairness and integrity of

the nation's elected judges." (cleaned up)). As the Second Circuit has observed, "few interests can

be considered more central than a state's interest in regulating its own judicial system." *Spargo v.*

*New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). And as this Court

itself recognized, "Plaintiff admits that she ultimately submitted a timesheet that did not accurately

reflect her time worked and time taken off. That could create in some reasonable mind an

assumption that Plaintiff is dishonest." (Doc. 26 at 12) Requiring the State to maintain a judge with

an active caseload under a cloud of ethical and legal scrutiny undermines public confidence in the

integrity of the judicial process and compromises the fairness of proceedings for injured workers

and employers alike. Plaintiff's continued presence could delay case resolutions, invite challenges

to her rulings, and increase the risk of reversible error, further burdening the already strained

workers' compensation system. Moreover, the State's ability to uphold accountability and enforce

basic standards of conduct for public officials will be materially impaired, sending a signal that

suspected misconduct does not warrant immediate action. This harm is undoubtedly irreparable.

*Cf. Abbott v. Perez*, 585 U.S. 579, 603 n.17 (2018) ("[T]he inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State.").

Likewise, the public interest strongly weighs in favor of granting the stay, as it ensures the integrity and stability of the workers' compensation adjudication process while the ongoing investigation into Plaintiff's time fraud is resolved. *Cf. In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Orderly and expeditious resolution of disputes is of great importance to the rule of law."). Plaintiff's entire caseload has already been reassigned to other WCA judges. Reinstating Plaintiff immediately and reassigning her cases back to her—only for her to potentially be placed back on paid administrative leave and ultimately terminated depending on the State Personnel Board proceedings—would create needless disruption and confusion for parties with active cases. Injured workers and employers rely on consistency and trust in the impartiality of their adjudicator; cycling a judge in and out of service amid a misconduct investigation erodes that trust, delays the resolution of claims, and increases the risk of appeals or litigation over the legitimacy of her rulings. Maintaining the stay protects both the credibility of the system and the fair administration of justice.

### C. Issuing a stay will not injure Plaintiff

In contrast to the foregoing harms that will befall the State of New Mexico and the public, granting a stay will not harm Plaintiff at all. As explained above, Plaintiff has no due process right to not be placed on paid administrative while she goes through the process she claims she was entitled to in the first place. *See Hicks*, 942 F.2d at 746 n.4. Nor does she have a first amendment right to be able to talk to other WCA staff about her employment or the investigation while the State Personnel Board process plays out. *See Dorcely*, 665 F. Supp. 2d at 204 (rejecting First Amendment claim based on school district's requirement that employee on administrative leave

not contact any one in school district because "there is no evidence that [he] wished to speak to his colleagues, his counsel or a union representative on a matter of public concern" as opposed to simply wishing to discuss matters relating to investigation and his own employment); *McDaniel v. Quick*, 2010 WL 2889026, at *6 (rejecting first amendment claim based on employer's direction not to "have any contact with any district or school employees" while employee was on leave because it only prevented him from "speaking to other employees during and about the investigation"). Thus, there was no reason for Plaintiff to reject Defendant's offer of reinstatement, and there is no harm in staying the injunction pending appeal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court immediately stay its May 9, 2025, Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 26) pending appeal or, alternatively, clarify that Plaintiff may be placed on paid administrative leave while the State Personnel Board considers the WCA's complaint so long as Plaintiff receives adequate pre-deprivation due process.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

By */s/ Blade M. Allen*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of May, 2025, I filed the foregoing through this Court's CM/ECF e-filing system and caused a true and correct copy of the same to be served upon all parties of record as reflected more fully in the electronic Notification of Service.

Respectfully submitted,

*/s/ Blade M. Allen*
Blade M. Allen