IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,
                Plaintiff,

v.                                               Case 1:25-cv-00044-KWR-KK

HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,

                Defendant.

## DECLARATION OF HEATHER JORDAN

I, Heather Jordan, declare under penalty of perjury that the foregoing is true and correct:

1. My name is Heather Jordan. I am the current Director of the New Mexico Workers' Compensation Administration ("WCA"). One of my previous positions at the WCA was the Clerk of the Court – a position I held from August 2015 through November 2022.

2. I am over eighteen years of age.

3. I am competent to testify to the statements set forth in this affidavit and make same on my personal knowledge.

4. The WCA employs multiple judges who work to resolve claims of injured workers filed pursuant to the New Mexico Workers' Compensation Act.

5. The WCA Director appoints workers' compensation judges. After the appointment, the judges report to the WCA Director.

6. When a worker's compensation complaint is filed with the WCA Clerk of the Court, the case is assigned to one of the workers' compensation judges. A party has the peremptory right to disqualify a judge no later than 10 days from the date of filing of notice of the assigned judge.

7. When Plaintiff Shanon Riley's employment with the WCA was terminated, all of her

approximate eighty (80) cases were reassigned to other workers' compensation judges.

8. If Plaintiff Shannon Riley were to be returned to the status quo that existed before her termination, the WCA would need to reassign to Plaintiff all of her previous cases while the preliminary injunction appeal is pending.

9. If Plaintiff Shanon Riley is reinstated and the preliminary injunction appeal is successful, the previously re-reassigned cases would require further reassignment to other workers' compensation judges.

10. Multiple reassignments of Plaintiff Shanon Riley's prior cases, to the extent they remain open, is administratively burdensome on the WCA Clerk of the Court in terms of effectuating the electronic reassignment of the case and contemporaneous notice to the parties of the reassignment.

11. To the extent a party has already exercised their peremptory right of recusal, the party may be foreclosed from attempting a recusal of the reassigned case to Plaintiff Shanon Riley. The reassignment could also potentially trigger a party to seek recusal for cause of the reassigned case considering the allegations raised within the litigation at issue.

12. By WCA rule (NMAC 11.4.4.13(A)(4), disputes relating to reassignments or disqualification of a judge are raised by application to the WCA Director.

13. If Plaintiff Shanon Riley cases are reassigned to her during the pendency of this litigation, and then re-reassigned to a different judge upon its conclusion favorable to the Defendants, prejudice to the parties is likely to occur as they have to appear before a new judge unfamiliar with the case who may revisit a previous interim order.

14. Aside from the prejudice and burdens outlined above, if Plaintiff Shanon Riley is reinstated while the preliminary injunction appeal is pending, she will be required to report to the

WCA Director who is the Defendant in this case. The required collaboration between the WCA Director and a workers' compensation judge is a routine matter during normal operations at the WCA. It will be near impossible for both Plaintiff Shanon Riley and the undersigned to work collaboratively and without detriment to the WCA, its stakeholders and litigating parties while the injunction appeal and this litigation is pending.

     I, Heather Jordan, declare under penalty of perjury that the information provided herein is true and correct. Executed on May 23, 2025.


*Heather Jordan*
_____
Heather Jordan, WCA Director