**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHANON S. RILEY,

      Plaintiff,

v.                                                            No. 1:25-cv-00044-KWR-KK

HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,

      Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF EMERGENCY MOTION
<u>FOR STAY PENDING APPEAL OR CLARIFICATION</u>**

Defendant Heather Jordan, in her individual and official capacities, by and through her counsel of record, hereby files her reply in support of her motion for this Court to immediately stay its May 9, 2025, Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 26) pending appeal or, alternatively, clarify that Plaintiff may be placed on paid administrative leave while the State Personnel Board considers Defendant's complaint so long as Plaintiff receives adequate pre-deprivation due process. If this Court denies the instant motion, Defendant requests a brief administrative stay so she can request that the Tenth Circuit rule on her pending motion for stay in an emergency manner.

<u>**Introduction**</u>

Plaintiff all but admits this Court should not have granted the preliminary injunction when she concedes Defendant can place her on paid administrative leave without providing pre-deprivation due process (and therefore she had no reason to reject Defendant's offer of reinstatement). While Plaintiff still claims the injunction was warranted to preserve the "status

quo," this argument ignores the "well-settled principle that an injunction must be narrowly tailored to remedy *the harm shown*." *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Oklahoma Tax Comm'n*, 969 F.2d 943, 948 (10th Cir. 1992) (emphasis added). If Defendant can lawfully place Plaintiff on paid administrative leave while she receives the very process she claims was due, then Plaintiff was not entitled to the extraordinary and disfavored injunction requiring otherwise. It's as simple as that. Additionally, Plaintiff will suffer no harm in being placed on paid administrative leave while she obtains the very process she claims was due. Conversely, the State and the public will be irreparably harmed if this Court forces Defendant to reinstate Plaintiff as an active judge while she is being investigated for time fraud—only for her to possibly be subsequently placed back on administrative leave and dismissed depending on the outcome of Defendant's appeal or the State Personnel Board proceedings. The Court should, therefore, grant Defendant's motion to stay.[1]

## Argument & Authorities

**I.      Plaintiff concedes Defendant can place her on paid administrative leave without implicating due process, and therefore, the Court should not have granted the preliminary injunction**

The crux of Plaintiff's lawsuit is that Defendant purportedly violated her due process rights when she terminated Plaintiff for time fraud without going through the procedure laid out in NMSA 1978, § 52-5-2(C) (2004), and 1.7.12.25 NMAC. (Doc. 1) Instead of engaging in protracted litigation over the issue, Defendant tried to reinstate Plaintiff and provide her with paid

---

[1] Plaintiff claims Defendant is currently violating this Court's preliminary injunction. (Doc. 35 at 1-2) This is incorrect. Defendant has reinstated Plaintiff to her position and will pay her while the preliminary injunction is in effect. *See* Plaintiff's Reinstatement Letter attached hereto as Ex. A. Defendant has not yet assigned any cases to Plaintiff given the pending emergency motion, the granting of which will require yet another re-assignment and injure innocent third parties. If this Court denies the instant motion, Defendant will seek emergency relief in the Tenth Circuit. Should that relief be denied, Defendant will promptly begin assigning cases to Plaintiff.

administrative leave while she receives the very due process she claims was due. (Doc. 15 at 8-12)
Had Plaintiff accepted, there would have been no need for an extraordinary and disfavored
preliminary injunction. But Plaintiff inflicted a self-imposed injury by rejecting these efforts on
the basis that she was supposedly entitled to the greater relief of being able to actively adjudicate
workers' compensation cases during the pendency of this suit. (Doc. 18) Plaintiff was mistaken.

Had Plaintiff demonstrated that Defendant could not temporarily place Plaintiff on paid
administrative leave without first providing pre-deprivation due process, Plaintiff probably would
have been entitled to the preliminary injunction she received. But she did not. Nor could she. As
Defendant pointed out in her motion: "[s]uspension with pay does not raise due process concerns."
*Hicks v. City of Watonga, Okl.*, 942 F.2d 737, 746 n.4 (10th Cir. 1991) (citing *Cleveland Bd. of
Educ. v. Loudermill*, 470 U.S. 532, 544-45 (1985)); *see also O'Connor v. Pierson*, 426 F.3d 187,
199 (2d Cir. 2005) (noting that "no court has held that an employee on fully paid leave has been
deprived of a property right merely by virtue of being relieved of his job duties"); *Ishoo v. Bd. of
Regents Univ. of New Mexico*, 2007 WL 9729216, at *15 (D.N.M. Sept. 29, 2007) ("[U]nder Tenth
Circuit law, Plaintiff was not entitled to due process protections (i.e. an explanation of the
employer's evidence, adequate notice and an opportunity to be heard) prior to being suspended
with pay[.]"). By failing to address this point in her response, Plaintiff has conceded the issue.[2]
Indeed, Plaintiff admits she "has never made this claim." (Doc. 35 at 10). Accordingly, it is
undisputed that Defendant can place Plaintiff on paid administrative leave without providing pre-
deprivation due process such as notice or an opportunity to be heard.

---

[2] Plaintiff likewise fails to meaningfully address why Defendant's offer of reinstatement violated
her First Amendment rights. (Doc. 18 at 11 n.1) Plaintiff has, therefore, waived any argument that
she was entitled to reject the reinstatement on this basis. *See Tryon v. Quick*, 81 F.4th 1110, 1151
n.22 (10th Cir. 2023) (explaining a litigant who makes "a passing reference" but "fails to further
expand on [an] argument" has failed to adequately present the issue).

Despite this, Plaintiff still claims this Court correctly issued a preliminary injunction requiring Defendant to reinstate Plaintiff as an active workers' compensation judge. Specifically, Plaintiff argues (without any authority) this was correct simply because it represented the "status quo" prior to her termination. (Doc. 35 at 10-11) But this does not mean that Plaintiff is, *ipso facto*, entitled to the extraordinary and disfavored preliminary injunction she demanded. This Court may have found that Plaintiff is likely to show that she should not have been *terminated* without more due process, and therefore, Plaintiff would have been entitled to a preliminary injunction reinstating Plaintiff (had Defendant not already provided that remedy). But Plaintiff failed to show that Defendant could not reinstate her and place her on *paid administrative leave* without providing due process, and therefore Plaintiff failed to show that she is entitled to a preliminary injunction preventing this—regardless of whatever she feels the "status quo" was. *See Citizen Band Potawatomi Indian Tribe*, 969 F.2d at 948; *Sugar v. Tackett*, 2021 WL 2531080, at *2 (D.N.M. June 21, 2021) (Riggs, J.) ("Any relief must be narrowly tailored to prevent the specific harm identified." (citing *Citizen Band Potawatomi Indian Tribe*, 969 F.2d at 948)).

Perhaps it is useful to demonstrate the flaw of Plaintiff's logic by showing how it would have applied in another case pending before this Court. In *Springer v. Lujan Grisham*, the plaintiff requested a preliminary injunction against a public health order prohibiting firearms in Albuquerque-area parks and playgrounds. 704 F. Supp. 3d 1206 (D.N.M. 2023). This Court found that the plaintiff was likely to show that the prohibition was unlawful to the extent it applied to parks but unlikely to show that the prohibition was unlawful to the extent it applied to playgrounds. *Id.* Had this Court applied Plaintiff's logic, it would have enjoined the public health order in full because the plaintiff showed a likelihood of success on the merits as to one specific action (i.e., prohibiting firearms in parks), and enjoining the order would have brought the parties back to the

4

"status quo." But the Court did not do this. Instead, the Court properly only granted the plaintiff's request to the extent he sought to enjoin the parks prohibition, *id.*, because that "relief [was] narrowly tailored to prevent the specific harm identified." *Sugar*, 2021 WL 2531080, at *2. There is no reason the Court should apply a different rule here.

In sum, Plaintiff had no reason to reject Defendant's offer of reinstatement—which mooted the need for a preliminary injunction addressing her purported due process injury—and she failed to show that Defendant could not place her on paid administrative leave while she receives the process she claims she was owed. Accordingly, this Court should not have granted a preliminary injunction awarding more relief, and Defendant has a strong likelihood of succeeding in her appeal. *See Citizen Band Potawatomi Indian Tribe*, 969 F.2d at 948 (stating that it is a "well-settled principle that an injunction must be narrowly tailored to remedy *the harm shown*") (emphasis added); *Sugar*, 2021 WL 2531080, at *2 (Riggs, J.) (same).

## II.    The non-merits factors strongly weigh in favor of a stay given the absence of irreparable harm to Plaintiff and the substantial harm to the State and the public

As an initial matter, Plaintiff cannot show any irreparable harm that she will suffer should this Court stay its preliminary injunction. Plaintiff's concession that she has no due process right to avoid being placed on paid administrative leave dooms her argument that she will be irreparably harmed based on a purported constitutional injury. *See Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 128 (10th Cir. 2024). Likewise, her purported reputational injury from temporarily being placed on paid administrative leave is not irreparable. As the Tenth Circuit has observed, "We . . . have embraced the principle that '[a]ny loss of prestige, standing, or reputation that [the plaintiff] may have suffered prior to filing this action can be remedied through money damages and does not justify a preliminary injunction.'" *Hunter v. Hirsig*, 614 Fed. Appx. 960, 963 (10th Cir. 2015)

(quoting *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1266 (10th Cir.2005)); *see also Sampson v. Murray*, 415 U.S. 61, 89 (1974) (holding that "damage to reputation" is insufficient to constitute irreparable harm). Plaintiff claims she will be able to obtain such damages, and consequently, any purported reputational harm should be reparable. (Doc. 12 at 7) Thus, Plaintiff will not be irreparably injured should the Court grant a stay; the only thing that will happen to Plaintiff is that she will get paid while she receives the very process she claims was due.

In contrast to these minimal or non-existent harms, the State of New Mexico and the public will suffer significant harm absent a stay. This Court itself recognized: "Plaintiff admits that she ultimately submitted a timesheet that did not accurately reflect her time worked and time taken off. That could create in some reasonable mind an assumption that Plaintiff is dishonest." (Doc. 26 at 12) Requiring the State to maintain a judge with an active caseload under a cloud of ethical and legal scrutiny undermines public confidence in the integrity of the judicial process and compromises the fairness of proceedings for injured workers and employers alike.[3] Additionally, forcing the State to re-assign Plaintiff's cases back to her—only for her to potentially be placed back on paid administrative leave and ultimately terminated depending on Defendant's appeal or the State Personnel Board proceedings—will create needless disruption and confusion for parties with active cases. Injured workers and employers rely on consistency and trust in the impartiality

---

[3] Plaintiff tries to downplay her culpability by pointing to her "ample annual and sick leave" that she could have used instead—suggesting she had no motive to falsely use voting leave. (Doc. 35 at 13) This is of no moment. An employee with accrued leave may be just as tempted to falsely use voting leave so he or she can preserve their leave balance for other uses. Defendant also respectfully disagrees with this Court's suggestion that her reaction "seems overblown." (Doc. 26 at 11) The State of New Mexico wishes to maintain the highest standards for those who are entrusted to adjudicate disputes. Plaintiff's conduct fell well below these standards when she falsely certified that her time reported was a "true and accurate" representation of the time worked in the period and took no action to correct that misrepresentation before being confronted nearly a week later.

of their adjudicator; cycling a judge in and out of service amid a misconduct investigation erodes that trust, delays the resolution of claims, and increases the risk of appeals or litigation over the legitimacy of her rulings. Thus, issuing a stay protects both the credibility of the system and the fair administration of justice.

Plaintiff's arguments to the contrary are unavailing. Plaintiff implores the Court to ignore this reality entirely simply because Defendant did not raise it earlier. (Doc. 35 at 5-7, 12 n.2) The Court should reject this resort to technicalities. It is true Defendant could have discussed these issues in response to Plaintiff's request for a preliminary injunction.[4] However, this seemed unnecessary since Defendant had provided Plaintiff with all the relief to which she was possibly entitled and therefore the issue was moot. The Court should exercise its discretion to consider this information at this juncture, especially since refusal to do so will injure innocent third parties (i.e., workers' compensation claimants and employers). *See Archuleta v. Duffy's Inc.*, 471 F.2d 33, 35 (10th Cir. 1973) ("[T]his court is committed to the general proposition that it will not allow technicalities to defeat the proper administration of justice[.]"); *cf. Trimble v. Univ. of Kansas Hosp. Auth.*, 2018 WL 691002, at *2 (D. Kan. Feb. 2, 2018) ("[A] plaintiff should not be penalized because of inaction by the EEOC.").

Plaintiff also attempts to downplay the harm that the State and the public will suffer absent a stay by characterizing it as "speculative." (Doc. 35 at 13) However, there is nothing "speculative" about the harm outlined above, as it necessarily flows from the preliminary injunction. *See Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) ("[T]he inability to enforce its duly enacted plans clearly inflicts irreparable harm on the state."); *In re Wettach*, 2013 WL 5999167, at *7 (Bankr.

---

[4] It is also true Plaintiff herself could have apprised the Court of these facts given that she has served as a workers' compensation judge and is familiar with the process.

W.D. Pa. Nov. 12, 2013) ("Each time a factually intense case such as the present one is reassigned to a new judge there is inevitably going to be delay while the new judge becomes acquainted with the case and the issues presented."), *aff'd sub nom.*, 811 F.3d 99 (3d Cir. 2016). This is especially so when the Court did not require Plaintiff to post security pursuant to Fed. R. Civ. P. 65(c). (Doc. 26); *see generally W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 770 n.14 (1983) ("A party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond."); *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011) ("A plaintiff satisfies the irreparable harm requirement by showing a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." (cleaned up)).

Likewise, Plaintiff's mischaracterization of the harm as mere "logistical challenges" (Doc. 35 at 13) ignores the broader injury to the State's sovereignty in having a federal court force it to allow a judge to actively adjudicate cases while she is being investigated for time fraud. *See Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("[F]ew interests can be considered more central than a state's interest in regulating its own judicial system."); *cf. Trump v. Wilcox*, 145 S. Ct. 1415 (2025) (granting a stay pending appeal and observing "that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty"). Plaintiff's mischaracterization also ignores the harm to injured employees and their employers who are going through the workers' compensation process: each reassignment will inevitably delay adjudication of their cases as the new judge familiarizes herself with the case and potentially revisits interim orders. *See In re Wettach*, 2013 WL 5999167, at *7; (Doc. 34). It's doubtful an injured worker in need of compensation would characterize this as a

mere "logistical challenge." Rather than impose these unnecessary disruptions on innocent third parties, the Court should issue a stay. *See Trump*, 145 S. Ct. 1415 ("A stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court immediately stay its May 9, 2025, Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 26) pending appeal or, alternatively, clarify that Plaintiff may be placed on paid administrative leave while the State Personnel Board considers the WCA's complaint so long as Plaintiff receives adequate pre-deprivation due process. If this Court denies the instant motion, Defendant requests a brief administrative stay so she can request that the Tenth Circuit rule on her pending motion for stay in an emergency manner.

Respectfully submitted,

**SERPE | ANDREWS, PLLC**

By */s/ Blade M. Allen*
Cody R. Rogers
Blade M. Allen
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
ballen@serpeandrews.com
***Attorneys for Defendant***

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of June, 2025, I filed the foregoing through this Court's CM/ECF e-filing system and caused a true and correct copy of the same to be served upon all parties of record as reflected more fully in the electronic Notification of Service.

Respectfully submitted,

*/s/ Blade M. Allen*
Blade M. Allen