IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,

      Plaintiff,

vs.                                                  No. 1:25-cv-00044-KWR-KK

HEATHER JORDAN *in her individual
and official capacities as the
Director of the New Mexico Workers'
Compensation Administration*,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL OR CLARIFICATION

      THIS MATTER comes before the Court based on Defendant's Emergency Motion for Stay or Clarification and the associated briefing (**doc. 29; doc. 35, doc. 38**). Having considered the parties' briefing and applicable law, finds that Defendant's Motion is not **well taken** and is therefore **DENIED in part**. The Court will **modify its injunction** to allow Defendant to place Plaintiff on paid administrative leave pending the resolution of this litigation.

## BACKGROUND

      Plaintiff served as a Workers' Compensation Judge (WCJ) for the New Mexico Worker's Compensation Administration (WCA) from her appointment on August 20, 2011, to her termination on November 13, 2024. **Doc. 2 at 1–2**. This action arises from the events leading to her termination, beginning on November 5, 2024. *Id.*

      On Election Day, November 5, 2024, Plaintiff submitted a pre-approval request for two hours of administrative leave for the purpose of voting. *Id.* **at 2**. While she arrived at the polls, Plaintiff ultimately did not vote because there was a line and because she was sick. *Id.* Plaintiff was aware that she needed to make corrections to her timesheet and intended to make the

1

corrections. the following morning on November 7, 2024. *Id.* The WCA office was closed on November 7 due to inclement weather, and Plaintiff did not have access to her laptop. *Id.* She alleges that as a result of these events, she "forgot to edit her timesheet." *Id.*

On November 12, 2024, Governor Michelle Lujan Grisham appointed Defendant Heather Jordan as the new Director of the WCA. *Id.* Defendant fired Plaintiff on November 13, 2024, alleging that she had committed time fraud and had thus violated the Code of Judicial Conduct by entering two hours of voting leave into her timesheet and failing to vote. According to the letter, "[s]uch conduct is a violation of the code of judicial conduct, which requires you to promote integrity and to 'avoid impropriety and the appearance of impropriety.'" *Id.*

Plaintiff filed suit on January 14, 2025, seeking injunctive relief and damages under 42 U.S.C. §1983 for civil rights violations, including being deprived of her property interest in her employment without due process of law. **Doc. 1**. At the time of the initial lawsuit, Defendant had not submitted a complaint about the events to the State Personnel board. **Doc. 7 at 2**. On February 4, 2025, the Workers' Compensation Administration subsequently submitted a complaint to the State Personnel Board, in accordance with Section 52-5-2(C) and New Mexico Administrative Code, 1.7.12.25. *Id.* On March 4, 2025, the Board granted Plaintiff's motion and filed an Order of Dismissal dismissing the WCA's complaint for lack of jurisdiction. **Doc. 14-1**.

Defendant offered Plaintiff a modified form of reinstatement on February 6, 2025. **Doc. 7-2**. The offer involved being reinstated to her former position as a Workers' Compensation Judge and placed on paid administrative leave pending the outcome of the State Personnel Board proceedings and made her an at-will employee, rather than subject to firing only for violations of the judicial code of conduct. *Id.*; **doc. 10 at 2**. Plaintiff rejected the modified offer on February 14, 2025 on the grounds that it varied from her previous employment and violated her First

Amendment rights. **Doc. 10-1.** Defendant gave Plaintiff an updated offer of reinstatement on February 26, 2025, that would still place her on administrative leave until the completion of proceedings but changed the at-will employee language to render Plaintiff able to be fired only in cases of violations of the code of judicial misconduct. **Doc. 18-1**. Plaintiff rejected the offer on the grounds that it continued to violate her First Amendment right to freedom of speech and still did not restore the status quo. **Doc. 18-2**.

This Court issued its Amended Memorandum Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction on May 9, 2025. **Doc. 26**. The Court granted Plaintiff's request for a preliminary injunction, finding that Plaintiff had demonstrated a substantial likelihood of success on her procedural due process claim, that she would likely suffer irreparable harm absent the injunction, that Defendant would not suffer injury, and that the injunction was not adverse to the public interest. ***See generally id.*** The Court ordered that Defendant reinstate "Plaintiff to her position as a WCJ as she served prior to her termination pending the resolution of this case on the merits." *Id.* **at 15**. Defendant now seeks to have the Court stay its preliminary injunction pending appeal or allow her to place Plaintiff on paid administrative leave. **Doc. 29**. The Court considers Defendant's arguments and the associated briefing below.

## LEGAL STANDARD

Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Supreme Court has characterized the standard for a stay pending appeal as requiring

a "strong showing" that the applicant is likely to succeed on the merits. *Hilton v. Braunskill*, 481 U.S. at 776, 107 S.Ct. 2113 (citations omitted); *accord Nken v. Holder*, 556 U.S. at 434, 129 S.Ct. 1749 (requiring a "strong showing" of likelihood of success).

## ANALYSIS

Defendant argues that she has demonstrated substantial likelihood of success on the merits of her appeal because her actions following the initial controversy have mooted any due process concerns. Likewise, Defendant argues that it is Plaintiff who now deprives herself of due process by not taking advantage of the administrative process to which she allegedly has access. Defendant claims that this, combined with the harms the state will ostensibly suffer, is sufficient for the Court to stay its injunction. For the reasons discussed below, the Court disagrees.

**I.      The Court will not consider Defendant's Declaration in its reconsideration of the preliminary injunction.**

Defendant filed a sworn declaration discussing the purported harm she would suffer should the Court maintain its preliminary injunction. **Doc. 34**. Interestingly, Defendant does not cite to it in her Emergency Motion, and only cites to it once in her Reply. *See* **Doc. 29; Doc. 38 at 8**. However, she alludes to the harms discussed in the Declaration several times. The Court thus must decide whether it needs to give weight to this document in its decision.

The Court in its discretion declines to consider Defendant's new evidence in deciding whether to stay the preliminary injunction. Defendant appears to request reconsideration of an interlocutory order by seeking "clarification" about whether the Court would allow Defendant to place Plaintiff on administrative leave, despite the Court's order mandating reinstatement. The Court has discretion to reconsider an interlocutory order, and its discretion is not cabined by the standards which apply to Fed. R. Civ. P. 59 and 60 motions. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225

4

(10th Cir. 2007). Moreover, the Court has discretion to "reconsider" an interlocutory order under Fed. R. Civ. P. 54(b).

The Court has discretion in deciding what standard to apply to reconsideration of an interlocutory order. *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)"). The Rule 59(e) framework is useful when considering a motion to reconsider an interlocutory order. *Id.*

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."). However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (Filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

5

Applying these standards in its discretion to this interlocutory order, the Court concludes that Defendant has not explained why she could not have made these arguments or advanced this evidence in her original Response to the Motion for a Preliminary Injunction. The fact that Defendant had reassigned or would be imminently reassigning Plaintiff's caseload, and the subsequent alleged upheaval would have been abundantly clear at the time Plaintiff filed this action. Moreover, in determining whether Defendants have made a strong showing that they are likely to succeed on appeal, Defendant's declaration is irrelevant. Appellate courts generally decide appeals based on the record before the district court at the time it made its decision.

The Court will therefore not consider Defendant Heather Jordan's declaration in its analysis of Defendant's request that the Court reconsider its preliminary injunction.

**II.     Defendant has not satisfied the factors for a stay of the Court's injunction.**

First, none of the factors required for the Court to stay its injunction counsel towards Defendant. Defendant has demonstrated little possibility of success on appeal, and the harm to Plaintiff and the public interest outweighs any harm to Defendant.

*A. Defendant has not demonstrated likelihood of succeeding on appeal.*

First, Defendant has not shown a substantial likelihood of success on appeal because she has not demonstrated the Court erred in its application of the preliminary injunction factors.

The Court largely reincorporates its analysis from its order. **Doc. 26**. The Court found that Plaintiff demonstrated substantial likelihood of success on her procedural due process claim. The Supreme Court has held that "[a]n essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)). The Supreme Court has

emphasized that this "root requirement" is *pretermination* process, meaning "that an individual be given an opportunity for a hearing *before* [they are] deprived of any significant property interest. *Id.* (citing *Boddie v. Connecticut,* 401 U.S. 371, 379(1971) (emphasis in original); *Bell v. Burson,* 402 U.S. 535, 542 (1971)). Pretermination due process is necessary due to the "severity of depriving a person of the means of livelihood. *Loudermill*, 470 U.S. at 543.

The fact remains that Plaintiff received no such process, and Defendant offers no new information to demonstrate otherwise. While Defendant attempted to retroactively rectify the situation by filing a complaint with the Personnel Board after Plaintiff had already been fired, Plaintiff received no notice or opportunity to respond prior to her termination—Defendant walked into Plaintiff's office, inquired about her timesheet, and immediately fired her. *Archuleta v. Colorado Dept. of Institutions, Div. of Youth Services*, 936 F.2d 483, 491 (10th Cir. 1991) ("Where the state action is the dismissal of a tenured public employee, the procedural safeguard required by the Constitution typically includes a pre-termination as well as a post-termination hearing."). Plaintiff was entitled to some form of pretermination process, including notice of the charge and an opportunity to respond. This process, laid out in New Mexico state law, involves filing a complaint with the New Mexico Personnel Board and holding hearing proceedings in which both sides may argue their case. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 770 (10th Cir. 2000) ("Moreover, Garcia was afforded three opportunities to challenge the City's actions before neutral bodies: (1) the initial Board hearing, (2) the state court proceedings, and (3) the final Board hearing. In the circumstances, Garcia received all of the process that he was due."). Plaintiff received no notice or opportunity to be heard, and Defendant conceded that she did not provide Plaintiff with any form of process prior to her termination. **Doc. 14 at ¶6** (Both parties stipulate that "[p]rior to delivering the termination letter, Defendant did not submit a complaint to the State

Personnel Board, Defendant did not provide Plaintiff with a hearing, and Defendant did not comply with any other required procedure under the New Mexico Administrative Code in terminating Plaintiff."). Given her concession and reiteration of old arguments in her new Motion, Defendant has not made the strong showing necessary for a stay.[1]

Defendant is incorrect that Plaintiff has somehow created her harm by failing to take advantage of the post-deprivation offer of pre-deprivation process Defendant claims to have offered her.  By the time Defendant offered Plaintiff paid administrative leave, Defendant had already completed a procedural due process violation by failing to provide Plaintiff with notice and the opportunity to be heard before terminating her. ***See e.g.*, Doc. 1 at ¶¶20–21** (detailing how Defendant immediately terminated Plaintiff without notice upon discussing whether Plaintiff had voted).  Nothing in Defendant's Motion changes the Court's understanding of the sequence of events. Nor is Plaintiff somehow ignoring or avoiding the administrative process to which she is entitled.  The State Personnel Board dismissed Defendant's complaint because it lacked jurisdiction.  Defendant filed her Complaint after she had terminated Plaintiff, divesting the Board of jurisdiction because Plaintiff was not a current WCJ.  That is a result of Defendant's failure to follow procedure, and Plaintiff cannot be compelled to take part in proceedings where the governing body lacks jurisdiction. Tenth Circuit case law requires *pretermination* process, and the Court can locate no precedent suggesting that *ex post facto* remedies can make up for a lack of pretermination process.  *Garcia*, 232 F.3d at 769 (discussing pretermination process); *Nard v. City Of Oklahoma City*, 153 Fed. Appx. 529, 534 (10th Cir. 2005) ("The undisputed facts demonstrate that Defendant Oklahoma City provided Plaintiff with all of the procedure he was due under the

---

[1] Defendant objects to the Court's consideration of Plaintiff's reputational harm in its initial Order.  And it is true that reputational harm alone is not sufficient to sustain a preliminary injunction. *Hunter v. Hirsig*, 614 F. App'x 960, 963 (10th Cir. 2015).  However, Plaintiff's reputational harm was incidental to her constitutional deprivation.  Her reputational harm informs, but does not decide, the Court's analysis.

Fourteenth Amendment *prior* to *demoting him*." (emphasis added)); *Archuleta*, 936 F.2d at 490 (discussing the pretermination process plaintiff received).

The Court also found that Plaintiff would suffer irreparable injury. The Tenth Circuit collapses the first and second factors in the context of constitutional claims, and a plaintiff who demonstrates a likelihood of success on the merits simultaneously demonstrates irreparable injury. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 792 (10th Cir. 2019). Because Plaintiff has demonstrated substantial likelihood of success on her procedural due process claim, this alone was sufficient to find the second factor skews in favor of Plaintiff.

The third and fourth factors collapse in a constitutional analysis. Defendant offered in a sworn declaration that an injunction would irreparably harm her and the state. **Doc. 34**. However, those were not the facts before the Court at the time, and as discussed *supra*, a motion to reconsider is not a second bite at the injunctive apple. *See supra* at Section I; *see also Autobar Sys. of N.J. v. Berg Liquor Sys., LLC*, No. CV233790MASJBD, 2024 WL 919183, at *3 (D.N.J. Mar. 4, 2024) (citing *Int'l Brotherhood of Teamsters, Loc. 211 v. PG Publ'g Co.*, 19-1472, 2019 WL 9101872, at *2 (W.D. Pa. Dec. 27, 2019) and *O'Donnell v. Harris County*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017)). At the time Plaintiff's Motion was fully briefed, Defendant did not proffer any supposed harm she might suffer if the Court were to grant Plaintiff's Motion. And even if Defendant had originally alleged the additional facts included in her declaration, it is "always in the public interest to prevent the violation of a party's constitutional rights." *Free the Nipple-Fort Collins*, 916 F.3d at 807. Defendant cannot show that the collapsed factors are likely to weigh against her on appeal. She thus cannot make any showing, much less a strong one, that she is substantially likely to succeed on appeal.

### B. There would be no irreparable harm to the state absent a stay.

Defendant argues that the "Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Trump v. Wilcox*, 145 S. Ct. 1415 (2025). The Supreme Court has held that the "governmental interest in termination does not outweigh [the plaintiff's constitutional right to due process." *Loudermill*, 470 U.S. at 544–45. The fact remains that "a loss of a constitutional right usually trumps any harm to the defendant, even under a heightened standard." *Springer v. Grisham*, 704 F. Supp. 3d 1206, 1221 (D.N.M. 2023); *Free the Nipple-Fort Collins*, 916 F.3d at 806-7 ("When a constitutional right hangs in the balance, though, even a temporary loss usually trumps any harm to the defendant.... (internal quotations and citations omitted)). Certainly, Defendant's alleged harms—disruption of the workplace, reassigning of cases, upheaval should Defendant have to terminate Plaintiff once more—do not override the substantial harm Plaintiff suffered and continues to suffer from Defendant's due process violation. The Court therefore finds that Defendant has not satisfied the second stay factor.

### C. There would be substantial injury to other parties in proceedings were the Court to stay the injunction.

Likewise, there would be substantial injury to Plaintiff if the Court stayed its injunction. Plaintiff continues to be deprived of her property interest to which she has a due process right. *See Springer*, 704 F. Supp. 3d at 1221 ("A loss of a constitutional right usually trumps any harm to the defendant, even under a heightened standard."); *see also Loudermill*, 470 U.S. at 543 ("[T]he significance of the private interest in retaining employment cannot be gainsaid. We have frequently recognized the severity of depriving a person of the means of livelihood."). A loss of a constitutional right trumps harm to Defendant, particularly where Defendant already cannot satisfy any of the other stay factors. The Court therefore finds this factor counsels against a stay as well.

*D. Public interest considerations counsel against a stay.*

Finally, Defendant does not satisfy the public interest factor. Defendant maintains that the public retains an interest in preserving judicial legitimacy. *See Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 446 (2015) (Public perception of judicial integrity is "a state interest of the highest order."). However, it is "always in the public interest to prevent the violation of a party's constitutional rights." *Free the Nipple-Fort Collins*, 916 F.3d at 807. The Court finds Defendant has not made the requisite "strong showing" to find that this factor counsels towards staying the injunction. *Nken*, 556 U.S. at 434. The Court therefore will not stay its preliminary injunction.

### III. The Court will modify its injunction to allow Defendant to place Plaintiff on paid administrative leave pending the resolution of the litigation.

The Court declines to stay its injunction because Defendant has not satisfied the factors, and Plaintiff still demonstrates substantial likelihood of success on the merits. However, given the recent language in *Trump v. Wilcox*, it finds that modifying its injunction is "appropriate to avoid the disruptive effects of repeated removal and reinstatement of officers during the pendency of this litigation. 145 S. Ct. 1415 (2025). Fed. R. Civ. P. 62 allows a district court to "suspend, modify, restore, or grant an injunction" while an appeal is pending. Defendant therefore may place Plaintiff on paid administrative leave. Defendant must provide Plaintiff with the adequate pre-deprivation process she is owed. Defendant may not restrict Plaintiff's ability to speak with her colleagues, nor may Defendant modify the conditions of Plaintiff's employment such that she serves at the pleasure of the Governor rather than subject to removal for violations of the Judicial Code of Conduct.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Defendant's Emergency Motion to Stay (**Doc. 29**) is **DENIED in part;** and

2. Defendant may place Plaintiff on Paid administrative leave in lieu of full restoration pending the conclusion of this litigation.


    /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE