FILED
United States Court of Appeals
Tenth Circuit

June 25, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

SHANON S. RILEY,

    Plaintiff - Appellee,

v.

HEATHER JORDAN, in her individual and official capacities as the Director of the New Mexico Workers' Compensation Administration,

    Defendant - Appellant.

No. 25-2050
(D.C. No. 1:25-CV-00044-KWR-KK)
(D. N.M.)

_____

**ORDER**
_____

Before **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

    Defendant-Appellant Heather Jordan has filed a motion for a stay pending appeal of the district court's injunction requiring Jordan to reinstate Plaintiff-Appellee Shanon S. Riley as a workers' compensation judge. It is clear from Jordan's filings that she does not seek a stay so she may treat Riley as a fired employee, but rather so that she may place Riley on paid administrative leave pending an investigation into alleged time-card fraud. In this light, we take judicial notice of the district court's order dated June 16, 2025. *See, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (taking judicial notice of court documents). That order modifies the injunction to

permit Jordan to place Riley on administrative leave. To the extent Jordan's motion seeks such relief through this court, we deny the motion as moot.

Jordan's motion also challenges the district court's requirement that Riley be allowed to communicate freely with her colleagues during the investigation. We have considered that argument in light of the traditional stay factors: (1) likelihood of success on appeal, (2) irreparable harm, (3) the balance of harms, and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). We conclude Jordan has not carried her burden to justify a stay. *See id*. at 433–34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion."). We therefore deny the motion as to the issue of communication restrictions.

    Entered for the Court

    CHRISTOPHER M. WOLPERT, Clerk