IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANON S. RILEY,

    Plaintiff,

v.                                           No. 1:25-cv-00044-KWR-KK

HEATHER JORDAN, in her individual
and official capacities as the Director
of the New Mexico Workers'
Compensation Administration,

    Defendant.

### SUPPLEMENTAL DECLARATION OF HEATHER JORDAN

I, Heather Jordan, declare under penalty of perjury that the foregoing is true and correct:

1. I am the current Director of the New Mexico Workers' Compensation Administration ("WCA").

2. I am over eighteen years of age.

3. I am competent to testify to the statements set forth in this affidavit and make same on my personal knowledge.

4. I had Plaintiff's letter of termination prepared before our November 13 meeting so I could deliver it to Plaintiff if she in fact did not vote as her time sheet reflected. I would not have terminated Plaintiff if she actually voted on Election Day and could provide proof of voting.

5. Plaintiff's explanation at the meeting as to why she did not vote was that she waited in line for two hours to vote but could not wait any longer. Plaintiff was provided the opportunity to explain whether she voted or not and why she did not vote. Plaintiff was free to provide a more

1



detailed explanation during our November 13 meeting. It was my sincere hope at the meeting that Plaintiff could demonstrate that she had actually voted.

6. I did not tell Plaintiff "I don't want there to be any drama" while Plaintiff was reading the letter. I do recall being concerned about Plaintiff's dignity at being terminated during work hours and not wanting Plaintiff to be seen as she was escorted from her office to the nearby exit door. Because other employees were present and working in the vicinity of her office, it was agreed that arrangements would be made after November 13 for Plaintiff to pick up on another day her considerable personal effects located in her office.

7. With regard to Plaintiff contacting the Governor's office, at no time did I tell Plaintiff: "You can try, but it is not going to change anything. The decision has already been made." After the November 13 meeting, I was informed that Plaintiff was able to meet with the Governor's chief general counsel over the telephone shortly after her termination.

8. I have no ill will towards Plaintiff, and I will make any decision regarding her future employment as a workers' compensation judge in good faith after thoroughly reviewing the State Personnel Board's findings.

9. At all times since becoming the WCA Director, I have done my best to follow the law and protect the interests of the State of New Mexico and the public. I have no intent on violating Plaintiff's (or anyone else's) constitutional rights.

*[signature]*

Heather Jordan, WCA Director          Executed on July 25, 2025